UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ANDREA RUSSO, )<br>      *Plaintiff* )<br> )<br>v. )<br> )<br> )<br>COSTCO WHOLESALE CORPORATION, )<br>      *Defendant* )<br> ) | | CIVIL ACTION NO.:<br>7:22-cv-03130<br><br><br>APRIL 19, 2022 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Costco Wholesale Corporation ("Defendant") hereby gives notice of the removal of this action, which is currently pending in the County of Westchester, captioned *Andrea Russo v. Costco Wholesale Corporation*, Civil Docket No. 57341/2022, to the United States District Court for the Southern District of New York. As grounds for removal, Defendant states as follows:

1. Defendant removes this case on the basis of diversity jurisdiction, on the grounds that there is complete diversity of citizenship among the parties to this litigation and the amount in controversy exceeds $75,000 exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.").

## BACKGROUND

2. Plaintiff Andrea Russo ("Plaintiff") filed her Complaint against Defendant ("Complaint") in the County of Westchester on March 9, 2022. A copy of the Summons and Complaint in the State court action is attached hereto as **Exhibit A**. The Summons

and Complaint were served on Defendant on March 28, 2022. A copy of the Affidavit of Service in the State court action is attached hereto as **Exhibit B.**

3. In her Complaint, Plaintiff alleges that on January 16, 2022, she slipped and fell on liquid and debris on the floor while shopping at Defendant's retail store located at 20 Stew Leonard Drive, Yonkers, New York. *See* **Exhibit A**, Complaint, ¶¶ 6 and 9. Plaintiff further alleges that she sustained serious, severe, and permanent injuries as a result of the fall. *Id*. at ¶¶ 6, 10 and 15. Plaintiff asserts claims of negligence and recklessness against Defendant. *See generally id*.

## TIMELINESS OF REMOVAL

4. Defendant was served with Plaintiff's Complaint on or about March 28, 2022. *See* **Exhibit B**.

5. This Notice of Removal is timely because it is filed within thirty (30) days after the receipt by Defendant, through service or otherwise, a copy of Plaintiff's Complaint. *See* U.S.C. §§ 1441(e), 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999) (removal period triggered by service).

## DIVERSITY OF CITIZENSHIP

6. Complete diversity of citizenship exists in this matter because Defendant is a citizen of a different State from Plaintiff. *See* 28 U.S.C. § 1332(a).

7. Plaintiff alleges in her complaint that she resides at Westchester County, State of New York, and as such she is a citizen of New York. *See* **Exhibit A**, Complaint, ¶ 1.

8. At the time of the filing of the Complaint, Defendant was, and currently is, a foreign corporation formed under the laws of the State of Washington with its principal place of business located at 999 Lake Drive, Issaquah, King County, State of Washington

98027. As of the filing date of the Complaint, Defendant's executive officers have directed, controlled, and coordinated the corporation's activities from its corporate headquarters in the State of Washington. For the purposes of removal, Defendant is not a citizen of New York.

9. There is complete diversity between Plaintiff and Defendant in this action. *See* 28 U.S.C. § 1332(a)(1).

## AMOUNT IN CONTROVERSY

10. Based on Plaintiff's allegations, the amount in controversy in this case exceeds the jurisdictional minimum of $75,000 required for diversity jurisdiction pursuant to 28 U.S.C. § 1332.

11. On January 19, 2022, Anne Jennings, Senior Resolution Manager with Gallagher Bassett Services, Inc., had a brief conversation with Plaintiff during which Plaintiff stated she broke her hip, was hospitalized and, upon information and belief, underwent surgery as a result of the incident alleged in the Complaint. A copy of the transcript of this case is attached hereto as **Exhibit C**.

12. Settlement and jury verdict research reflects that cases involving a broken hip requiring surgery, have resulted in settlements or verdicts in excess of $75,000.[1] *See* **Exhibit D**, Affidavit of Andrew Ferguson.

---

[1] A Westchester County case settled for $225,000 where the plaintiff, a 72-year-old woman, fractured the femoral neck of her left hip, requiring surgery. *Alice Kelleher v. Pleasant Briar Service Station & Getty Petroleum, Inc., et al.*, 2001 Jury Verdicts LEXIS 50413 (May 1, 2001). A Rockland County case settled for $150,000 where the plaintiff, a 79-year-old woman, sustained a fractured hip *Nancy & Leonard Voltaggio v. Thomas Culianos & Davies Farm, LLC*, 2002 Jury Verdicts LEXIS 57746 (Jan. 24, 2002).

A Bronx County jury in *Catherine Linares for the Estate of Marcelino Linares v. New York City & Columbus Construction Corp.*, 2008 Jury Verdicts LEXIS 24570 (June 2008) awarded the plaintiff, a 54-year-old man, $135,000 for a broken hip which resulted in surgery. Another Bronx County jury awarded the plaintiff, an 86-year-old woman, $1,050,000 where she sustained a laceration of her head and a fracture of the femoral head of the right hip which required a hemiarthroplasty. *Marie Wilson v. Skyline Windows, LLC d/b/a Skyline Windows, VII 752*

**ALL PROCEDURAL PREREQUISITES TO REMOVAL HAVE BEEN MET**

13. Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), Defendant is filing this Notice of Removal in the federal district court for the district within which the State court Complaint was filed.

14. Pursuant to 28 U.S.C. § 1446(a), Defendant attaches all process, pleadings, and orders that have been filed, served, or received by Defendant in this action as **Exhibit A**.

15. Pursuant to 28 U.S.C. § 1391, venue is proper in the United States District Court for the Southern District of New York, as the Complaint in this action was filed in Westchester County.

16. Defendant has given written notice of the filing of this Notice of Removal to Plaintiff and will file a copy of this Notice of Removal with the Clerk of Westchester County, as required by 28 U.S.C. § 1446(d).

17. In removing this action, Defendant does not intend to waive any rights or defenses to which it is otherwise entitled under the Federal Rules of Civil Procedure.

18. Based upon the record submitted with this notice, this Court has jurisdiction over Plaintiff's claims and the Complaint is properly removed to this Court.

---

*West End Owner, LLC & Caran Prop., Inc.*, 2011 Jury Verdicts LEXIS 197383 (June 28, 2011). A Bronx County case settled for $195,000 where the plaintiff, a 62-year-old woman, sustained a broken hip that required a hip replacement. *Teresa Jimenez v. Hispanic Catholic Charismatic Cntr Archdiocese NY*, 2008 Jury Verdicts LEXIS 24584 (June 2008). A Queens County jury awarded a plaintiff, an 82-year-old woman, $150,000 where she fractured her left hip and underwent surgery. *Thelma Page v. Trade Fair Supermarkets*, 2011 Jury Verdicts LEXIS 197297 (Sept. 9, 2011).

A Nassau County jury awarded a plaintiff, a 48-year-old woman, $500,000 for a broken hip and femoral neck that led to a total hip replacement. *Ellen Levine Davis v. 607 Middle Neck Rd Cor d/b/a Defranco-Spagnolo Salon*, 2007 Jury Verdicts LEXIS 32976 (Nov. 2007), Another Nassau County jury awarded a plaintiff, an 81-year-old woman, $160,000 where she suffered a hip injury that required surgery. *Mary Careccia v. Metropolitan Suburban Bus Authority d/b/a MTA Long Island Bus Agency of the Metropolitan Transportation Authority et al.*, 2006 Jury Verdicts LEXIS 25005 (Feb. 2, 2006).

WHEREFORE, Defendant Costco Wholesale Corporation respectfully requests that this action proceed in the United States District Court for the Southern District of New York, as an action properly removed from State court.

                    Respectfully submitted by,
                    Defendant
                    COSTCO WHOLESALE CORPORATION
                    By its attorneys,

/s/ *Andrew Ferguson*

Andrew Ferguson, Bar No. AF5154
COUGHLIN BETKE LLP
175 Federal Street
Boston, MA 02110
(617) 988-8050
aferguson@coughlinbetke.com

### CERTIFICATE OF SERVICE

I, Andrew Ferguson, hereby certify that on April 19th, 2022, I served a copy of the foregoing notice by mail, postage prepaid upon the parties listed below.

Francis X. Young, Esq.
Law Offices of Francis X. Young, PLLC
One North Lexington Avenue, 7th Floor
White Plains, New York 10601
(914) 285-1500

/s/ *Andrew Ferguson*

Andrew Ferguson, Esq.