UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDREA RUSSO, ) | |
|     *Plaintiff* ) | |
| ) | CIVIL ACTION NO.: |
| v. ) | 7:22-cv-03130-cs |
| ) | |
| ) | |
| COSTCO WHOLESALE CORPORATION, ) | |
|     *Defendant* ) | |
| ) | |

**DEFENDANT COSTCO WHOLESALE CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Plaintiff Andrea Russo ("Plaintiff") sued against Costco Wholesale Corporation ("Defendant"), alleging that she fell on Defendant premises and sustained injuries. Defendant now moves for summary judgment on the grounds that Plaintiff cannot demonstrate that her fall was the result of any defective condition on the Defendant's premises. Specifically, it is undisputed that Plaintiff does not know what caused her to fall, and her speculation that a cup lid on the floor might have caused the accident is controverted by video evidence showing conclusively that, although a cup lid was on the floor *near* the location of the accident, Plaintiff never made contact with the lid. Because there is no evidence to support Plaintiff's claims, Defendant respectfully requests that the Court enter summary judgment on Plaintiff's claims against it.

**Factual Background**.

In her Complaint, Plaintiff alleges that on January 16, 2022, she was a customer at Defendant's store in Yonkers when she slipped and fell, sustaining injuries. *See* Plaintiff's Complaint, ¶¶ 3 and 6, Docket No. 4-2. Plaintiff's fall and the moments leading up to it were captured on store security video. *See* **Exhibit A**.[1] After she fell, Plaintiff signed an Incident Report

---
[1] All exhibits are attached to the Affidavit of Andrew R. Ferguson.

in which there is no mention of any alleged defect that caused her fall. *See* **Exhibit B**.[2] Nevertheless, in her suit against Defendant, Plaintiff alleged that her accident was the result of a "defective, dangerous and unsafe condition." Docket no. 4-2 at ¶6.

Plaintiff was deposed on November 29, 2022. **Exhibit C**. At her deposition, she testified that after she paid for her items, an employee offered to assist her with loading her purchases into her car, telling Plaintiff that an employee named Jim would assist her. *Id.* at 91:14-92:6. Plaintiff then proceeded from the checkout area to the concession area to wait for Jim. *Id.* at 90:4-10. Plaintiff did not notice any liquid on the floor and did not find the floor to be slippery while proceeding toward the concession area. *Id.* at 94:22-96:10. After paying for a hot dog at the concession area, she walked back to her shopping cart and again did not notice liquid or anything else on the floor. *Id.* at 96:11-97:21. She testified that she had no problems walking from the concession stand to her cart and that the floor was not slippery. *Id.* at 95:18-23; 97:15-21. When Plaintiff got to her cart and tried to push it, it would not move, so she pulled the cart towards herself, walked forward, and claims the cart "flew", and she fell. *Id.* at 97:22-98:12. Prior to her fall, she had not found the floor to be slippery. *Id.* at 105:2-5.

Plaintiff testified that after she fell, she saw the store manager kick something round, plastic, and a little beige. *Id.* at 10:20-24. Although Plaintiff surmised, "[M]aybe that's what I slipped on" (*id.* at 104:16-17), she does not know if the plastic object, now believed to be a plastic cup lid, had caused her to fall. *Id.* at 103:22; 104:14-22. She did not see any debris or liquid on the floor and did not see the piece of plastic until the manager swiped it away. *Id.* at 105:9-13 and 137:17-22. When asked to identify a dangerous and defective condition on the floor, Plaintiff

---

[2] At her deposition, Plaintiff authenticated the content of the Incident Report as well as her signature on same. **Exhibit C** at 107:17-113:8.

2

testified that she did not see any. *Id*. at 118:4-13. She also confirmed that the floor was not wet. *Id.* at 118:17-23.

Attached as **Exhibit A** is a true and accurate copy of the video of the incident from Costco's video security system. The video was enhanced by video expert Doug Carner. **Exhibit D**; *see also* **Exhibit E**, Written Report from Doug Carner regarding video enhancement. As can be seen on **Exhibits A and D**, the cup lid is on the floor a few feet from the concession counter. The enhanced video shows Plaintiff by the concession counter. *See* **Exhibit D**. At 2:55 in **Exhibit D**, Plaintiff is seen leaving the concession counter, grabbing hold of the handle on her cart, and walking away. At 2:59-3:01, Plaintiff is seen walking *past* the cup lid and then falling.[3] *Id*. At all times, the cup lid is to the right of Plaintiff's cart and does not move; neither Plaintiff nor her shopping cart makes contact with the cup lid. *Id*. At 3:03, two men assist Plaintiff, and nothing is seen near her feet. *Id*. The cup lid remains in place. *Id*. At no point in the security video do Plaintiff's feet or her cart come into contact with the cup lid. *Id*. At no point in the video is any liquid or debris seen on the floor. *Id*.

## Discussion of Law

### A. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1223 (2d Cir. 1994). The moving party bears the initial burden of "informing the district court of the basis for its motion" and identifying the matter that "it believes demonstrate[s] the absence of a genuine

---

[3] Still images depicting the moment of Plaintiff's fall are attached as **Exhibit F**. The cup lid is circled in red. As shown in the video and the still images, neither Plaintiff nor her shopping cart comes into contact with the lid.

issue of material fact." *Celotex*, 477 U.S. at 323. The substantive law governing the case will identify those facts that are material and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

If the moving party meets its burden, the nonmoving party must produce evidence in the record and "may not rely simply on conclusory statements or on contentions that the affidavits supporting the motion are not credible." *Ying Jing Gan v. City of N.Y.*, 996 F.2d 522, 532 (2d Cir. 1993); *see also Wesley-Dickson v. Warwick Valley Cen. Sch. Dist.*, 973 F. Supp. 2d 386, 390-931 (S.D.N.Y. 2013). "[O]nly admissible evidence need be considered by the trial court in ruling on a motion for summary judgment." *Presbyterian Church of Sudan v. Talisman Energy, Inc.*, 582 F.3d 244, 264 (2d Cir. 2009) (quoting *Raskin v. Wyatt Co.*, 125 F.3d 55, 65 (2d Cir. 1997). In determining whether summary judgement is appropriate, a court will resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986) (citing *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S. Ct. 993, 8 L. Ed. 2d 176 (1962).

**B. Plaintiff's inability to identify the defect that caused her to fall is fatal to her claim.**

Under New York law, to establish a claim for negligence a plaintiff must show "(1) that the defendant owed the plaintiff a cognizable duty of care, (2) that the defendant breached that duty, and (3) that the plaintiff suffered damages as a proximate result of that breach." *Vega-Santana v. AMTRAK*, 956 F.Supp.2d 556 (S.D.N.Y. July 29, 2013) (summary judgment was granted for the defendant where no witness could identify what caused the plaintiff's fall and the plaintiff testified at their deposition that she did not know what caused her to fall) citing *King v. Crossland Sav. Bank*, 111 F.3d 251, 255 (2d Cir. 1997). In a premises liability case, a plaintiff

must establish that "the landowner controls the property, that a defect exists, and that the defect causes plaintiff's injuries." *McHale v. Westcott*, 893 F. Supp. 143, 147 (N.D.N.Y. 1995) (summary judgment was granted for the defendants where the plaintiffs stated in their depositions that they did not know what caused the fall) citing *Turrisi v. Ponderosa Inc.*, 179 A.D.2d 956, 957-58, 578 N.Y.S.2d 724 (3d Dep't 1992). "The failure to establish the cause of a plaintiff's injury is fatal to a claim of negligence." *Ascher v. Target Corp.*, 522 F. Supp.2d 452, 456 (E.D.N.Y. 2007); accord *Wang v. Alexander's Dep't Store*, 247 A.D.2d 467, 467-68, 668 N.Y.S.2d 104 (2d Dep't 1998) (granting summary judgment to defendants where plaintiff was unable to "connect the accident to any negligence on the part of the respondents" and "failed to submit any probative evidence in admissible form to support their claim that the [plaintiff's] injury was caused by a defect in an escalator"); *see also Dennis v. Lakhani*, 102 A.D.3d 651, 652, 958 N.Y.S.2d 170 (2d Dep't 2013) ("[i]n a slip-and-fall case, a plaintiff's inability to identify the cause of the fall is fatal to the action because a finding that the defendant's negligence, if any, proximately caused the plaintiff's injuries would be based on speculation. . . . Where it is just as likely that some other factor, such as a misstep or a loss of balance could have caused a slip and fall accident, any determination by the trier of fact as to causation would be based upon sheer conjecture.").

Here, Plaintiff testified that she did not know what caused her to fall. *See* **Exhibit C** at 115:8-116:4. Although Plaintiff *alleged* in her Complaint that there was "liquid and debris" on the Defendant's floor and that the floor "wet" (Docket 4-2 at ¶9), she testified at her deposition that she did not see any liquid or debris on the floor and that the floor was not slippery. **Exhibit C** at 94:22-98:12; 105:2-5; 115:12-15. In this respect, her testimony is consistent with security camera video, which shows that the floor was clean and dry. *See* **Exhibits A and D**.

The security video also shows that the only object on the floor was a single cup lid; however, neither Plaintiff nor her cart ever came into contact with it. *Id*. Thus, it is undisputed that the nearby cup lid did not cause her accident. In sum, all of the evidence and testimony definitively demonstrates that (1) Plaintiff does not know what caused her to fall, and (2) there was no defect on Defendant's premises that caused Plaintiff to fall. As outlined above, New York Courts have long granted motions for summary judgment for defendants in negligence claims with slip and falls where the plaintiffs do not know what caused their incident. Plaintiff here brought a negligence claim against Defendant in a slip and fall case and is unable to identify what led to her fall, and according to established precedent, Plaintiff's claim fails.

### C. Video of Plaintiff's accident shows that Plaintiff's accident was not caused by a cup lid on the floor.

To avoid dismissal on summary judgment, the Plaintiff must present evidence of material fact that is "genuine." Fed. R. Civ. P. 56(a). Thus, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007). New York law has long held that if the cause of a plaintiff's accident is just as likely to be due to one factor as another, then it is speculation and cannot form the basis of a negligence claim. *Ascher v. Target Corp.*, 522 F. Supp.2d 452, 456 (E.D.N.Y. 2007) citing *Wurtzel v. Starbucks Coffee Co.*, 257 F. Supp. 2d 520, 527 (E.D.N.Y. 2003).

"[W]hen there is reliable objective evidence – such as a recording – the evidence may speak for itself." *Marcavage v. City of N.Y.*, 689 F.3d 98, 110 (2d Cir. 2012); see also *Id*. (holding that an audio recording "indisputably" refuted the plaintiffs' contention that "their behavior toward the [arresting] officers [was] cordial[ ] and…compliant," which supported granting summary

6

judgment in favor of the defendant officers on the plaintiffs' Fourth Amendment claim); *Oakley v. MSG Networks*, 2021 U.S. Dist. LEXIS 215541 (S.D.N.Y. Nov. 8, 2021), rev'd in part on other grounds, (granting defendants' motion for summary judgment where "[t]here is no interpretation of the video footage that could lead a reasonable jury to conclude that the degree of force used by MSG security guards to remove Oakley from the Garden was objectively unreasonable"); *Abujayyab v. City of N.Y.*, 2018 U.S. Dist. LEXIS 140914 (S.D.N.Y. Aug. 20, 2018) (motion for summary judgment granted in part where video showed the plaintiff's claims were not factually supported); *Higginbotham v. Sylvester*, 218 F. Supp. 3d 238 (S.D.N.Y. Nov. 2, 2016) (the defendants' motion for summary judgment granted where photos and video showed that there is no way a reasonable jury could conclude that the police officers targeted the plaintiff for exercising his First Amendment rights, as the plaintiff claimed).

As discussed above, Plaintiff confirmed at her deposition that there was no liquid on the floor and that the floor was not slippery. Plaintiff has speculated that her fall may have been due to the plastic cup lid. However, surveillance video establishes conclusively that she did not step on or fall on the cup lid, and the cart did not come into contact with it. **Exhibits A and D**. While the lid was *near* the location of Plaintiff's accident, the video shows definitively that it did not *cause* the accident. Therefore, there is no basis on which a jury could conclude the lid had anything to do with the fall.

Under New York law, since the video is reliable evidence and depicts the subject incident and refutes both of Plaintiff's speculative reasons for why she fell, the video should be the controlling evidence. *See Marcavage v. City of N.Y.*, 689 F.3d 98, 110 (2d Cir. 2012); *Scott v. Harris*, 550 U.S. 372, 380, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007); *Oakley v. MSG Networks*, 2021 U.S. Dist. LEXIS 215541 (S.D.N.Y. Nov. 8, 2021), rev'd in part on other grounds; *Abujayyab*

*v. City of N.Y.*, 2018 U.S. Dist. LEXIS 140914 (S.D.N.Y. Aug. 20, 2018); and *Higginbotham v. Sylvester*, 218 F. Supp. 3d 238 (S.D.N.Y. Nov. 2, 2016).

## Conclusion

Wherefore, for all of the reasons set forth above, Defendant respectfully requests that the Court allow its Motion for Summary Judgment.

```
                                    Respectfully submitted,
                                    Defendant,
                                    COSTCO WHOLESALE CORPORATION
                                    By its attorneys,


                                    /s/ Andrew Ferguson
                                    Andrew Ferguson, Bar No. AF5154
                                    COUGHLIN BETKE LLP
                                    1330 Avenue of the Americas
                                    Suite 23A
                                    New York, NY 10019

                                    MAILING ADDRESS
                                    175 Federal Street
                                    Boston, MA 02110
                                    (617) 988-8050
                                    aferguson@coughlinbetke.com
                                    chays@coughlinbetke.com
```

## **CERTIFICATE OF SERVICE**

I, Andrew R. Ferguson, hereby certify that I have mailed a copy of this document to the following parties of record through the Court's ECF system and via first class mail and/or email, this 29th day of May 2024:

Francis X. Young, Esq.
Law Offices of Francis X. Young, PLLC
One North Lexington Avenue, 7th Floor
White Plains, New York 10601
(914) 285-1500
fxy@younglawny.com

                                              */s/ Andrew Ferguson*
                                              Andrew R. Ferguson