**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
Andrea Russo,

                              Plaintiff,

                 -against-

Costco Wholesale Corporation,

                              Defendant.
----------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/13/2025 ____

7:22-cv-3130

**OPINION AND ORDER**

**VICTORIA REZNIK, United States Magistrate Judge:**

Plaintiff Andrea Russo, sues Defendant Costco Wholesale Corporation,

seeking to recover for personal injuries she suffered when she slipped and fell at the

Costco located at 20 Stew Leonard Drive, Yonkers, New York, on January 16, 2022.

(ECF No. 1 (Compl.) at 2).  On February 10, 2023, the parties consented to

jurisdiction before a magistrate judge for all purposes under 28 U.S.C. § 636(c).

(ECF No. 25 (Consent)).  Costco now moves for summary judgment.  (ECF No. 48

(Mot.)).  For the reasons below, the motion is **DENIED**.

## I.  BACKGROUND

### A.  Procedural History

On March 9, 2022, Russo filed this action in the New York State Supreme

Court, Westchester County.  (ECF No. 1 at 1).[1]  On April 15, 2022, Costco removed

the action to this Court on diversity grounds under 28 U.S.C. § 1332(a).[2]  (*Id.*).  In

---

[1] All page numbers refer to ECF pagination.
[2] Costco is a Washington corporation with its principal place of business in Washington.  (ECF No. 1 at 2).  Russo is domiciled in New York.  (*Id.*).  The amount in controversy exceeds $75,000. (*Id.* at 3).

February 2023, the parties consented to jurisdiction before a magistrate judge, and this action was assigned to the Hon. Paul E. Davison to conduct all proceedings. (ECF No. 25). In May 2023, this action was reassigned to the undersigned. (ECF 05/24/2023 Notice of Case Reassignment). On May 29, 2024, Costco moved for summary judgment (ECF No. 48), which Russo opposed (ECF No. 54 (Opp.)).

### B. Factual Background[3]

On January 16, 2022, Russo shopped at the Costco located at 20 Stew Leonard Drive, Yonkers, New York.  (ECF Nos. 49 at ¶ ¶1-2; 56 at ¶¶ 1-2).  On this date, Russo pushed her loaded shopping cart past the registers to the concession stand and bought a hotdog. (ECF Nos. 49 at ¶ 6; 56 at ¶6). Upon returning to her cart from the concession counter, Russo tried to push her cart forward, but it would not move. (ECF Nos. 49 at ¶6; 56 at ¶6). After seeing that she could not push the cart forward, Russo pulled the cart back towards herself and then started to move forward with it again. (*Id.*). But after Russo started to push the cart forward, it 'flew' away from her, suddenly moving rapidly forward. (*Id.*). Russo then fell. (*Id.*).

According to the parties' filings, Russo only saw a plastic soda cup lid on the floor after she fell. (ECF Nos. 49 at ¶7, 56 at ¶7). But the parties dispute whether that lid caused Russo's fall. Notably, each party relies on the same surveillance video footage to support their view of the facts. (ECF No. 49 at ¶8; ECF No. 56 at ¶¶6, 8, 10). Defendant contends that the surveillance video shows that neither Russo nor her cart came into contact with the plastic soda cup lid or any liquid.

---

[3] The following facts are drawn from each of the parties' Rule 56.1 Statements of Material Facts (ECF Nos. 49 (Def's Statement), 56 (Plaintiff's statement)), and are undisputed unless otherwise stated.

(ECF No. 49 at ¶8). Plaintiff argues instead that the surveillance video shows that the right rear wheel of Russo's cart came to rest on top of the plastic lid just before her fall. (ECF No. 56 at ¶8). But Russo agrees that the video does not show her body coming into contact with either a lid or liquid. (*Id.*).

As for Russo's awareness of the lid, Defendant contends that Russo did not know what caused her to fall. (ECF No 49 at ¶9). And Russo does not dispute that she did not see the lid before she fell. (ECF No. 49 at ¶10; ECF No. 56 at ¶10). But Russo explains that she was unaware of the presence of the lid beneath her cart until the video was made available. (ECF No. 56 at ¶9). That said, during her deposition, Russo did testify that while she was still on the floor after her fall, she saw a manager push something away on the floor beside her with her foot or hand. (ECF No. 56-1 at 103) And when asked to describe what she saw, Russo testified that "it was round, it was a little beige…I don't know, but it was plastic, because it really slid." (*Id.*). Russo also testified that she told the manager "that's what I slipped on, it's going the same way I went." (*Id.*).

## II.    <u>LEGAL STANDARD</u>

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material under Rule 56 where it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).[4] A dispute about a material fact is "genuine"

---

[4] *See also Red Tree Invs., LLC v. Petróleos de Venez., S.A.*, 82 F.4th 161, 170 (2d Cir. 2023).

when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*[5]  In determining whether the moving party has met its burden of proving that there are no genuine disputes of material fact, the Court must resolve all ambiguities and draw all factual inferences for the party opposing the motion.  *See Union Mut. Fire Ins. Co. v. Ace Caribbean Mkt.*, 64 F.4th 441, 445 (2d Cir. 2023).  "Assessments of credibility and choices between conflicting versions of the events are matters for the jury, not for the court on summary judgment." *Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005).[6]

"When the nonmoving party bears the burden of proof at trial, summary judgment is warranted if the nonmovant fails to make a showing sufficient to establish the existence of an element essential to its case." *Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993) (alteration and internal quotation marks omitted).  Thus, "[a] defendant moving for summary judgment must prevail if the plaintiff fails to come forward with enough evidence to create a genuine factual issue to be tried with respect to an element essential to its case." *Allen v. Cuomo*, 100 F.3d 253, 258 (2d Cir. 1996).  Yet summary judgment must be denied if the Court finds "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.  Summary judgment is also appropriate when the movant submits undisputed evidence "that negates an essential element of the non-moving party's claim." *Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 114 (2d Cir.

---

[5] *See also Red Tree Invs.*, 82 F.4th at 170.
[6] *See also Wiggins v. Griffin*, 86 F.4th 987, 995 (2d Cir. 2023) (per curiam).

2017).

### III.    <u>DISCUSSION</u>

Costco now moves for summary judgment on two grounds. First, Costco argues that Russo's claim must fail because she could not identify the defect that caused her to fall. (ECF No. 51 at 4). Although Russo's complaint alleges that there was liquid and debris on the floor and that the floor was wet, she testified in her deposition that "she did not see any liquid or debris on the floor and that the floor was not slippery." (*Id.* at 5). Second, Costco argues that Russo's claim must fail because the video evidence establishes that, although there was a cup lid on the floor near Russo's cart, that cup lid did not cause Russo's fall. (ECF No. 51 at 7). And because the video footage is reliable evidence that flatly contradicts Russo's reasons for why she fell, it should defeat her claim as a matter of law. (ECF No. 59).

Russo, in response, argues that she has sufficiently identified the cause of her fall – the cup lid on the floor – and that the video evidence establishes that her cart did touch the lid. (ECF No. 54 at 5). Russo also argues that she testified that her cart moved smoothly for 3 to 3.5 hours before the accident, which corroborates her argument that she only fell because her cart became stuck on the lid. (*Id.*). The Court addresses each of these arguments in turn.

### A.  Russo Sufficiently Identified the Cause of Her Fall

Under New York tort law, a plaintiff seeking to prove a defendant's negligence must show: "(1) the existence of a duty on defendant's part as to plaintiff; (2) a breach of this duty; and (3) injury to the plaintiff as a result thereof." *Akins v.*

*Glens Falls City Sch. Dist.*, 53 N.Y.2d 325, 333 (1981); *Borley v. United States*, 22 F.4th 75, 78 (2d Cir. 2021). The defendant's duty is the "common-law responsibility to show due care to customers by maintaining its premises in a reasonably safe condition." *Borley*, 22 F.4th at 78 (alteration and internal quotation marks omitted).[7]

Neither Costco nor Russo argue about whether Costco owed Russo a duty or breached that duty. (*See generally* ECF Nos. 51, 54, 59). Instead, Costco argues that Russo cannot identify the cause of her fall without resorting to speculation, which entitles them to summary judgment as a matter of law. "The failure to establish the cause of a plaintiff's injury is fatal to a claim of negligence." *Vega-Santana v. Nat'l R.R. Passenger Corp.*, 956 F. Supp. 2d 556, 560 (S.D.N.Y. 2013) (citing *Ascher v. Target Corp.*, 522 F. Supp. 2d 452, 456 (E.D.N.Y. 2007)); *see also Wang v. Alexander's Dep't Store,* 247 A.D.2d 467, 467–68 (2d Dep't 1998). With no identified cause, "a finding that the defendant's negligence, if any, proximately caused the plaintiff's injuries would be based on speculation." *Vega-Santana*, 956 F. Supp. 2d at 561 (quoting *Dennis v. Lakhani,* 102 A.D.3d 651, 652, 958 N.Y.S.2d 170 (2d Dep't 2013)). Although proximate cause can be inferred from circumstances underlying the accident and need not be shown by direct evidence, mere speculation as to the cause of injury is insufficient. *Ascher,* 522 F.Supp.2d at 456 (collecting cases).

---

[7] "Under New York common law, a landowner has a duty to maintain his or her premises in a reasonably safe condition." *Khanimov v. McDonald's Corp.*, 121 A.D.3d 1050, 1051 (2d Dep't 2014) (internal quotation marks omitted).

Here, Costco relies on portions of Russo's deposition testimony and the video surveillance footage to argue that she could not identify the cause of her fall. In her deposition, Russo testifies that she cannot remember seeing any liquids on the floor (ECF No. 50-3 at 15) or say definitively whether she slipped on something "round" and "plastic" that she saw a manager kick away after her fall. (*Id.* at 13-14). Costco asserts that "[Russo] testified that she did not see any liquid or debris on the floor and that the floor was not slippery." (ECF No. 51 at 5). Further, in Costco's view, the "security video shows that the only object on the floor was a single cup lid" and that neither Russo nor her cart ever came into contact with it. (*Id.* at 7). For those reasons, Costco maintains that Russo's claim must fail because she did not sufficiently identify the cause of her fall.

The Court disagrees. A plaintiff does not need explicit personal knowledge of the cause of her fall under the law to survive summary judgment. *Cambria v. Costco Wholesale Corp.*, No. 18CV8255 (LMS), 2019 WL 6878216, at *6 (S.D.N.Y. Dec. 17, 2019) ("The law does not require Plaintiff to have witnessed the contact to be able to offer evidence sufficient to survive summary judgment.") (citing *Moiseyeva v. New York City Hous. Auth.*, 175 A.D.3d 1527, at *2 (2d Dep't 2019)). Instead, "it is enough that plaintiff shows facts and conditions from which the negligence of the defendant and the causation of the accident by that negligence may be reasonably inferred." *Nussbaum v. Metro-N. Commuter R.R.*, 994 F. Supp. 2d 483, 491 (S.D.N.Y. 2014) (internal quotations omitted); *see also Williams v. KFC Nat. Mgmt. Co.*, 391 F.3d 411, 421 (2d Cir. 2004) (finding that plaintiff presented sufficient

circumstantial evidence to survive summary judgment (citing *Schneider v. Kings Highway Hosp. Ctr., Inc.,* 67 N.Y.2d 743, 744–45 (1986))). Such evidence exists here.

To start, Russo does identify a cup lid (or at least a plastic round object that Costco itself has identified as a cup lid)[8] as the cause of her fall during her deposition. Russo testifies at one point that "I don't know if she did it with her foot, her hand, but this thing went flying, like I saw it right in front of my eyes. I said oh, that's what I slipped on." (ECF No. 50-3 at 13). When pressed about what she saw going flying, Russo said, "it was round, it was a little beige, I don't know. I don't know, but it was plastic because it really slid." (*Id.*). In fact, when asked whether that is what Russo told someone at Costco she slipped on, Russo said "Yes." (*Id.* at 13-14).

But there is more than just Russo's testimony from which one could reasonably infer causation. Costco submitted two exhibits in connection with its motion, which are portions of the video surveillance footage that shows Russo falling. Exhibit A appears to be an unaltered version of the entire incident. Exhibit D seems to be edited to the extent that it focuses specifically on Russo and is trimmed down to capture only a few minutes both before and after her fall. In both instances, the videos depict the same series of events, although each party relies on them to make conflicting points.

Costco argues that the video demonstrates that neither Russo's body nor her cart came into contact with the lid. Costco refers to Exhibit D (the enhanced video)

---

[8] *See* ECF No. 51 at 2 ("[Russo] does not know if the plastic object, now believed to be a plastic cup lid, had caused her to fall.").

at 2:56, which appears to depict Russo having pushed her cart past a circular object on the ground. Costco then directs the Court's attention to 2:59 in the video, showing Russo push her cart past a second circular object on the ground. Just a few seconds later (2:59-3:01), Costco argues that the video illustrates Russo's hand slipping from the cart and Russo starting to fall. Costco emphasizes that—at this point—there is still no contact between any lid and Russo, or between the lid and Russo's cart.

By contrast, Plaintiff argues that the video depicts Russo's cart coming directly into contact with a lid just before her fall. Russo points to the 2:10 marker in Exhibit A and claims that this frame depicts Russo's cart coming "to a stop with its right rear wheel on top of the lid."[9] (ECF No. 54 at 4). Russo goes on to explain that the 2:57 marker shows her unsuccessfully trying to push the cart away from herself while the wheel is resting on the lid. (*Id.*). Just a few seconds later, according to Russo, she can be seen pulling the cart back towards herself, pushing it forward (dislodging the cart's wheel from the lid), and then falling. (*Id.*).

Taken together, Russo identifies sufficient record evidence from which the negligence of Costco and the causation of the accident by that negligence may be reasonably inferred by a jury. Russo's testimony that she saw a round plastic object flying after her fall, coupled with her identifying to someone at Costco that that is what she slipped on, could alone satisfy this requirement. But Russo also relies on

---

[9] The Court notes that the 2:11 marker in Exhibit D (the enhanced video) appears to correspond with the cited portion in Exhibit A.

video evidence to assert that her cart's wheel became stuck after it rolled over a lid, which can be depicted in the video.

Indeed, a review of Exhibit D between the 2:08 and 2:11 markers appear to show Russo pushing her cart over a circular object, causing the cart to rest on top of it. And once the wheel contacts the object, it can be seen rising up under the wheel.



Exhibit D, at 2:08, depicts Russo with her cart and a circular object near the wheel.



Exhibit D, at 2:08, just a few milliseconds later, depicts Russo—after pushing the cart forward—with her cart and a circular object under the wheel, with the object slightly elevated and partially obstructed from view.

Between the 2:50 - 2:58 mark, Russo can be seen pulling the cart back towards herself and pushing the cart forward again past the circular object before falling to the floor.



Exhibit D, at 2:54, depicts Russo with her cart and a circular object under the wheel. The object is slightly elevated, partially obstructed from view, and Russo is about to pull the cart back.

11



Exhibit D, at 2:57, depicts Russo pulling her cart past the circular object under her wheel after pulling the cart back towards her but before pushing it forward again.



Exhibit D, at 2:58, depicts Russo pushing her cart past the circular object under her wheel after pulling the cart back towards her.

Resolving "all ambiguities and draw[ing] all factual inferences for the party opposing the motion," the Court finds that Russo has sufficiently identified the cause of her fall. *See Union Mut. Fire Ins. Co.*, 64 F.4th at 445; *see also Di Franco v. Golub Corp.*, 241 A.D.2d 901, 902 (1997) (affirming the denial of defendant's summary judgment motion where plaintiff showed enough facts and conditions from which defendant's negligence could reasonably be inferred).

It is for these reasons that Defendant's reliance on *Ascher v. Target Corp* and *Dennis v. Lakhani* is misplaced. In *Ascher*, the Court ruled that "[plaintiff] cannot identify the cause of the accident." *Ascher*, 522 F. Supp. 2d at 456. In reaching this conclusion, the Court noted that the plaintiff "could not state with any specificity whatsoever what caused her to fall," and "testimony . . . indicate[d] that there were no pots on the floor near the scene of the accident." (*Id.*). But unlike this dearth of evidence in *Ascher*, Russo has come forward with testimony in which she tells a Costco employee that the object on the floor near where she fell is what she likely slipped on. Russo also cites the above video evidence, depicting some objects on the floor near where she fell, one of which came into contact with her cart. Thus, Russo's case is plainly distinguishable from *Ascher*.

This case is distinguishable from *Dennis* for similar reasons. In *Dennis*, the Court noted that when the plaintiff testified that he twisted his foot walking down a set of stairs, he also testified "that there was nothing on the stairs as he began to walk down, that he did not see any defects, breaks, or problems with the stairs

before he descended them, and that he could not ascertain at the time of the accident why he fell." *Dennis v. Lakhani*, 102 A.D.3d 651, 651 (2013). Thus, the Court concluded that "defendants established their prima facie entitlement to judgment as a matter of law by submitting, *inter alia*, a transcript of the plaintiff's deposition testimony, which demonstrated that the plaintiff could not identify the cause of his fall without resorting to speculation." *Id.* at 652. Conversely, Russo has not resorted to such speculation here. Instead, Russo has provided testimonial evidence that identifies sufficient facts and circumstances—if not the item itself— which she alleges caused her to fall, as well as video evidence from which one could reasonably infer the cause of her fall.  Given the disparate amounts of evidence between the two cases, *Dennis* is distinguishable, too.

### B. There are Genuine Issues of Fact as to What Caused Russo's Fall

Costco also argues that they should be granted summary judgment because the "surveillance video establishes conclusively that [Russo] did not step on or fall on the cup lid, and the cart did not come into contact with it." (ECF No. 51 at 7-8). And because there is "reliable objective evidence" (i.e., the video recording) demonstrating that fact, Russo has failed to make out an essential element of her claim, proximate cause. (*Id.* at 7) (quoting *Marcavage v. City of N.Y.,* 689 F.3d 98, 110 (2d Cir. 2012).

Here, Costco tries to prove too much. Although Costco asserts that the surveillance video proves that Russo's cart did not come into contact with the lid, a

reasonable jury reviewing the same video could reach a different conclusion.[10] *See*
*Anderson*, 477 U.S. at 250 (noting that summary judgment must be denied if the
Court finds "there are any genuine factual issues that properly can be resolved only
by a finder of fact because they may reasonably be resolved in favor of either
party"); *see also Exxon Co., U.S.A. v. Sofec, Inc.*, 517 U.S. 830, 841 (1996) ("The
issues of proximate causation . . . involve application of law to fact, which is left to
the factfinder.").[11] As Russo points out in her opposition, the video evidence
reasonably shows that Russo's cart did come into contact with a lid (ECF No. 54 at
7) and that the lid "caused an obstruction," motivating Russo to pull and push the
cart with added exertion, resulting in her fall and subsequent injuries. (*Id.*) Of
course, Costco argues a different conclusion from the same surveillance video. But
these conflicts are not for the Court to resolve; they are for the jury. *See Jeffreys*,
426 F.3d at 553 (noting that "[a]ssessments of credibility and choices between
conflicting versions of the events are matters for the jury, not for the court on
summary judgment").[12] Thus, the Court cannot grant summary judgment.

---

[10] *See* Section IIIA above, which discusses the parties' competing characterizations of the
surveillance video.

[11] *See also Badilla v. Midwest Air Traffic Control Serv., Inc.*, 8 F.4th 105, 135 (2d Cir. 2021) (vacating
summary judgment in a wrongful death case because, among other reasons, issues of proximate
cause are "ordinarily a question of fact for a jury"); *Lombard v. Booz-Allen & Hamilton, Inc.*, 280
F.3d 209, 215 (2d Cir. 2002) (noting that "[u]nder New York law, however, decisions as to a lack of
reasonable care and its nexus to a plaintiff's injury are quintessential jury questions").

[12] *See also Connecticut Fair Hous. Ctr.*, 478 F. Supp. 3d 259, 288 (D. Conn. 2020) (quoting *Margrave
v. Brit. Airways*, 643 F. Supp. 510, 513 (S.D.N.Y. 1986) ("Proximate causation becomes a question for
the court only where there are active and efficient intervening causes, or where reasonable
factfinders could only reach one conclusion regarding the issue of proximate cause.")).

## IV.    <u>CONCLUSION</u>

For the above reasons, Costco's motion for summary judgment is **DENIED**. The Clerk of Court is respectfully directed to terminate the pending motion at ECF No. 58.  The Court will enter a separate scheduling order for an initial pretrial conference with the parties.


**SO ORDERED.**

DATED:    White Plains, New York
          February 13, 2025

                                        _____
                                        VICTORIA REZNIK
                                        United States Magistrate Judge