UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

Andrea Russo,

                              Plaintiff,

              -against-

Costco Wholesale Corp.,

                              Defendant.
------------------------------------------------------------------X

22-cv-03130

**OPINION & ORDER**

**VICTORIA REZNIK, United States Magistrate Judge:**

    Francis X. Young, counsel for Plaintiff, moved to withdraw from this case because of a breakdown in the attorney-client relationship, citing "irreconcilable differences" and "material difference on tactics and strategy." (ECF No. 76 at 1). For the reasons set forth below, the motion is **GRANTED**.

## BACKGROUND

    The Court assumes familiarity with the factual background of the case. As relevant here, Plaintiff Andrea Russo filed this action against Defendant Costco Wholesale Corporation, alleging that she suffered personal injuries after falling inside Defendant's store. (ECF No. 1). Counsel Francis X. Young has represented Russo since this case was removed to this Court back in April 2022. (*Id.*).

    On February 13, 2025, this Court denied Costco's motion for summary judgment and shortly thereafter scheduled a status conference for March 6, 2025, to discuss the next steps in the litigation with the parties. (ECF Nos. 60, 61). At that conference, the Court referred the matter for a settlement conference and set a

tentative trial date of September 29, 2025, through October 2, 2025. (ECF No. 62). On March 14, 2025, another magistrate judge in this courthouse scheduled their settlement conference with the parties for June 11, 2025. (ECF No. 63).

On May 20, 2025, Plaintiff's counsel Mr. Young filed a letter seeking a conference with the Court (ECF No. 68), which was promptly granted. (ECF No. 69). The Court held this conference on May 28, 2025, during which it granted Mr. Young's request for leave to file a motion to withdraw from the case. (ECF No. 71).

The Court has since received all the interested parties' filings on this issue. Among them are Mr. Young's motion and supporting memoranda of law, Costco's Opposition, and Russo's opposition. (ECF Nos. 75-76, 78, 87, and 91, including exhibits).

## DISCUSSION

Local Civil Rule 1.4 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York provides the requirements for withdrawing as counsel of record:

> Except where an attorney has filed a notice of limited-scope appearance as set forth in subsection (c), an attorney who has appeared for a party may be relieved or displaced only by order of the court. Such an order may be issued following the filing of a motion to withdraw, and only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, and whether or not the attorney is asserting a retaining or charging lien.

Loc. Civ. R. 1.4 (2025).

When weighing whether to grant a motion to withdraw, courts are tasked

with considering two factors: "the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding." *de Jesus Rosario v. Mis Hijos Deli Corp.*, 491 F. Supp. 3d 8, 10 (S.D.N.Y. 2020) (quoting *Milltex Grp. Inc. v. Gossard & Berlei Ltd.*, No. 15-CV-10002(RA), 2017 WL 9771811, at *1 (S.D.N.Y. Apr. 10, 2017)). Satisfactory reasons for withdrawal include "the client's failure to pay legal fees, a client's lack of cooperation—including lack of communication with counsel, and the existence of an irreconcilable conflict between attorney and client." *PWV Consultants LLC v. Chebil Realty LLC*, 20-CV-9030 (LTS) (JW), 2022 WL 20527354, at *2 (S.D.N.Y. Oct. 18, 2022) (internal quotation marks and citations omitted); *Farmer v. Hyde Your Eyes Optical, Inc.*, 60 F. Supp. 3d 441, 445 (S.D.N.Y. 2014) (same). "A court may also consider whether the motion is opposed," *PWV Consultants LLC*, 2022 WL 20527354, at *2, or whether "the prosecution of the suit is likely to be disrupted by the withdrawal of counsel," *Whiting v. Lacara*, 187 F.3d 317, 320–21(2d Cir. 1999) (per curiam) (internal brackets omitted). "Ultimately, the decision whether to grant or deny a motion to withdraw as counsel falls to the sound discretion of the trial court." *PWV Consultants LLC*, 2022 WL 20527354, at *2 (internal quotation marks, brackets, and citations omitted).

Here, the Court finds that Mr. Young has presented satisfactory reasons to justify his withdrawal from the case. He argues that there are "irreconcilable differences, material differences on tactics and strategy, and a material breakdown in the attorney-client relationship." (ECF No. 76 at 4). In support of his application, Mr. Young submitted an *ex parte* affidavit, detailing a contentious relationship

between counsel and Russo, as well as with Russo's son. (ECF No. 74). As the Court has learned, Russo's son has taken an active role in communicating with Mr. Young on behalf of Russo. And while the Court understands why Russo's son has done so, it is also clear that the nature of the relationship between counsel and client has broken down, evidencing that the parties "lack a certain amount of trust in each other." *Farmer*, 60 F. Supp. 3d at 446 (quoting *Benvenisti v. City of New York,* No. 04CIV3166JGK/RLE, 2006 WL 44039, at *1 (S.D.N.Y. Jan. 6, 2006)). For instance, the Court has now been party to several emails between Mr. Young and Russo's son, the tone and tenor of which evidence an apparent breakdown in the relationship between counsel and client that is beyond repair. And the supplemental filing by Ms. Russo (ECF No. 91), intended to oppose Mr. Young's motion to withdraw only further highlights the lack of trust between counsel and client. Under these circumstances, courts in this circuit have acknowledged that the "termination of the relationship would be in the best interest of both" parties. *Farmer*, 60 F. Supp. 3d at 446 (quotation marks and citations omitted) (collecting cases).[1]

Lastly, the Court does not find that Mr. Young's withdrawal will so disrupt the proceedings as to warrant denial of the motion. Under this factor, courts may deny withdrawal motions when a case is on the verge of trial. *See de Jesus Rosario*, 491 F. Supp. 3d at 11 (citing *Bruce Lee Enters., LLC v. A.V.E.L.A., Inc.*, No. 1:10 C 2333(MEA), 2014 WL 1087934, at *2 (S.D.N.Y. Mar. 19, 2014)). But that

---

[1] It is not for courts to allocate fault between counsel and client for why such differences exist, as such issues are not relevant to the standard for attorney withdrawal. *See Hallmark Cap. Corp. v. Red Rose Collection, Inc.,* No. 96Civ.2839 (RPP)(AJP), 1997 WL 661146, at *3 (S.D.N.Y. Oct. 21, 1997).

is not the case here. Plaintiff's counsel Mr. Young first raised the issue of withdrawal with the Court in May, a couple weeks before the parties were scheduled to appear for a settlement conference and at least four months before the scheduled trial date, thereby minimizing the potential prejudice to Russo. (ECF No. 71); *see also Thekkek v. LaserSculpt, Inc.*, No. 11 Civ. 4426(HB)(JLC), 2012 WL 225924, at *2 (S.D.N.Y. Jan. 23, 2012) (granting motion to withdraw as counsel when trial date was several months away). It also appears that Mr. Young had previously discussed his potential withdrawal with Russo and her son.

     Notably, Russo (and her son) seem to suggest that Mr. Young should be forced to continue to represent her (at least until she finds other counsel), because Russo has been unable to find alternative counsel and attempting to do so has been overwhelming. (ECF No. 87). The Court is sympathetic to Russo's position, but continuing a clearly broken attorney-client relationship would be unproductive and likely render any potential settlement efforts or trial unworkable. To minimize any prejudice, the Court will adjourn the trial date to give Russo more time to retain new counsel or decide whether to proceed pro se, and to give the parties more time to pursue settlement. The Court further directs the parties to promptly reschedule their settlement conference and directs Russo to contact the City Bar Justice Center, which provides free legal assistance to pro se litigants through its Pro Se Law Clinic. The Clinic may assist Russo in preparing for the settlement conference and potentially provide limited-scope pro bono representation for that purpose. The Court will separately provide Russo with the Clinic's contact information.

Although Defendant Costco opposes the withdrawal motion on the ground that it may impact the trial schedule, it has not shown any actual prejudice from an adjournment. (ECF No. 78 at 2). As noted above, Costco has known for nearly two months that the trial date was likely to shift, and at the May 28, 2025, status conference, defense counsel acknowledged that a delay would not be prejudicial as long as the new date fit within their schedule. Indeed, Costco itself proposed that trial be rescheduled no earlier than "February 2026" (ECF No. 78 at 2), which should give both parties sufficient time to prepare for any future settlement or trial proceedings.

***

Lastly, the supporting papers for Mr. Young's motion to withdraw were filed under seal, as well as his client's affidavit in opposition to the motion. (ECF Nos. 74, 87). Courts in this district routinely allow documents in support of motions to withdraw as counsel to be filed *ex parte* and under seal where necessary to preserve the higher values of confidentiality of the attorney-client relationship between a party and its counsel. *See, e.g., Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 125 (2d Cir. 2006) (concluding that "attorney-client privilege might well be . . . a compelling reason" to maintain documents under seal); *Vick ex rel. Vinco Ventures, Inc. v. Hudson Bay Master Fund Ltd.*, 24-CV-00446 (JGLC) (KHP), 2024 WL 967773, at *1 (S.D.N.Y. Mar. 4, 2024) ("[D]ocuments filed in connection with a motion to withdraw are typically filed *in camera* or under seal."); *Luxwear Ltd. v. Adaptiv Rsch. & Dev. Grp.*, 22-CV-5458 (AT) (BCM), 2023 WL 3010397, at *1

(S.D.N.Y. Mar. 28, 2023) ("[D]ocuments in support of motions to withdraw as counsel are routinely filed under seal where necessary to preserve the confidentiality of the attorney-client relationship between a party and its counsel." (internal quotation marks, emphasis, and citations omitted)). But "opposing counsel are entitled to know the basis for the motion" to withdraw, which the Court discussed briefly above. *Luxwear Ltd.*, 2023 WL 3010397, at *1; *see also Team Obsolete Ltd. v. A.H.R.M.A. Ltd.*, 464 F. Supp. 2d 164, 165 (E.D.N.Y. 2006) ("The plaintiffs are hereby informed, however, as the relevant case law indicates they should be, that the basis for [counsel's] motion to withdraw is a dispute regarding [defendant's] failure to pay its legal bills."). Thus, the request to seal is **GRANTED**.

## CONCLUSION

For the reasons set forth above, Mr. Young's motion to withdraw is **GRANTED**, subject to Mr. Young supplementing his briefing with an affidavit confirming whether he is asserting a charging or retaining lien, consistent with Local Civil Rule 1.4. The Clerk of Court is directed to close the gavels associated with ECF Nos. 75 and 76.

Additionally, for the reasons mentioned above, Plaintiff's motions to seal are **GRANTED.** The Clerk of Court is directed to close out the gavels associated with ECF Nos. 72, 73, and 84. As ECF Nos. 74, 87, and 91 were filed *ex parte* and under seal, the Clerk of Court is further directed to maintain the current viewing levels of those filings.

Lastly, the parties' trial date is adjourned, and a new date will be provided

after further discussions with the Court. The parties are directed to promptly reschedule their settlement conference with Judge Berg, and Russo is directed to contact the City Bar Justice Center by August 8, 2025, to assist with settlement. The Court will separately provide Russo with the Clinic's contact information.

The Court will issue a separate scheduling order for a status conference to discuss this Order and next steps in the case.

Counsel Francis X. Young is directed to serve Plaintiff Andrea Russo with a copy of this order within one week of the date of entry of this order.

**SO ORDERED.**

DATED:   White Plains, New York
         July 30, 2025

_____
VICTORIA REZNIK
United States Magistrate Judge