PAUL B. EDELMAN +
LAWRENCE P. KRASIN
SAL A. SPANO

HAROLD J. STANGLER
1929-2017

WILLIAM T. JAYE
1954-2024

EKJ
Edelman, Krasin & Jaye, PLLC
COUNSELORS AT LAW

KARA M. ROSEN ++
MONICA P. BECKER
GILBERT HARDY
ADENIYI TAIWO
ARI J FRIEDMAN

ROBERT T. ACKER
OF COUNSEL

+ADMITTED IN NY & DC
++ADMITTED IN NY & NJ

February 4, 2026

The Honorable Victoria Reznik
United States District Court
300 Quarropas Street
White Plains, NY 10601

Re: Andrea Russo v. Costco Wholesale Corporation
United States District Court Southern District of New York C.A.: 7:22-cv-03130

Dear Judge Reznik,

This is a joint request for a bifurcated trial in the above-referenced matter. The parties respectfully request that the Court allow us to try liability first, and only if necessary that a consecutive trial on damages immediately follow. While the extent of Plaintiff's damages are contested, the Defendant does not intend on calling a medical expert at trial, and the primary point of contention is the cause of Plaintiff's fall and whether the Defendant was negligent and if that negligence caused the incident. Respectfully, the parties submit this request in the interest of promoting judicial economy, a positive and simplified experience for the jury and obviously avoiding unnecessary expenditure of the Court's time and resources. Our joint experience at the state trial level, on facts such as they are presented here, has shown that bifurcation plainly leads to a more fair and more expeditious resolution. We note that the damages are not so intertwined with the single liability question that it would lead to jury confusion. To the contrary, one may view mixing in damages, theoretically, as a distraction from the party's singular point of dispute.

In suggesting bifurcation, the Parties are not suggesting there be separate juries to assess liability and damages. Rather, the Parties are contemplating that a jury be empaneled, that evidence be presented solely on liability, and the jury reach a verdict on liability. Should the jury find liability on the part of the Defendant, the damages phase would then proceed before the same jury.

Should the Court be agreeable to bifurcation, a liability finding in favor of the Defendant will end the matter, thus resulting in a savings of judicial resources. Any liability finding in favor of Plaintiff would invite settlement discussions which, if unsuccessful, would lead to a short damages phase.

The parties greatly appreciate the Court's time and consideration.

Sincerely

Ari J. Friedman, Esq.

cc: Andrew Ferguson, Esq
Coughlin Betke LLP
175 Federal Street
Boston, MA 02110