**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

ANDREA RUSSO,
        *Plaintiff,*
    v.

COSTCO WHOLESALE CORPORATION        7:22-cv-03130-VR
        *Defendant.*                        Monday, March 16, 2026

**MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM PRESENTING UNPLEADED CLAIMS**

This case arises from a slip-and-fall involving the Plaintiff, Andrea Russo ("Plaintiff"),on January 16, 2022, over four years ago. Plaintiff filed this suit against the defendant, Costco Wholesale Corporation. ("Costco"), on March 9, 2022. From that time, through over four years of litigation, Plaintiff has consistently asserted a single theory of liability against Costco:  that Costco was negligent concerning a defective condition on the floor of its Yonkers warehouse. ECF 4-2. Plaintiff may, however, attempt to pursue a new and entirely distinct theories at trial, such as a products liability theory against Costco based on the shopping cart she was pushing prior to her fall, or some other form of negligence besides a defective condition on the floor, despite not pleading this claim in her Complaint, a complete lack of evidence supporting such a claim, and having disclosed no expert on the topic. Costco moves this Honorable Court to preclude Plaintiff from attempting any prejudicial bait-and-switch on theories of liability.

**I. BACKGROUND**

On March 9, 2022, the plaintiff commenced the instant action. ECF 4-2. On November 9, 2022, plaintiff was deposed. The plaintiff testified that prior to the accident, she "tried to push her cart forward, but it would not move. After seeing that she could not push the cart forward, Russo pulled the cart back towards herself and then started to move forward with it again. But after Russo started to push the cart forward, it flew away from her, suddenly moving rapidly forward. Russo then fell." ECF 60 at 2 (citations omitted). Plaintiff later testified that she "saw a plastic soda cup

lid on the floor after she fell." *Id.* She "did not know what caused her to fall. And [she] did not dispute that she did not see the lid before she fell." *Id.* (citations omitted).

On May 19, 2022, the Court, Seibel, J., set a deadline of June 10, 2022, for the filing of any amended pleadings. ECF 11 at 1. At no point did Plaintiff seek to modify that portion of the scheduling order or seek leave to file an amended complaint.

On Costco's motion for summary judgment, over plaintiff's opposition, the Court, Reznik, J., held that there was a genuine issue of fact as to what caused her to fall, because Russo provided testimonial evidence and surveillance video that, drawing all factual inferences in her favor, sufficiently identified the plastic lid as the cause of her fall. ECF 59 at 13-15. Costco has maintained from the outset of this case, and continues to maintain, that there was no defective condition on the floor–a plastic lid or otherwise–that caused the plaintiff to fall.

## II. LEGAL STANDARD

"The pleading requirements of the Federal Rules of Civil Procedure are designed to provide defendants 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Beckman v. United States Postal Serv.*, 79 F. Supp. 2d 394, 407 (S.D.N.Y. 2000) (quoting *J.D. Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "[A]t the very least, plaintiff must set forth facts that will allow each party to tailor its discovery to prepare an appropriate defense." *Id.* "Because a failure to assert a claim until the last minute will inevitably prejudice the defendant, courts in this District have consistently rules that it is inappropriate to raise new claims for the first time in submissions in opposition to summary judgment," much less on the eve of trial, over a year after summary judgment is litigated. *Id.*(internal quotation marks omitted) (collecting cases); *accord Harenton Hotel, Inc. v. Vill. of Warsaw*, 749 F. App'x 17, 19 (2d Cir. 2018).

Plaintiff may attempt to amend her Complaint to include, or argue before the jury, a products liability claim or an alternative negligence claim beyond a defective condition on the

floor. However, when a plaintiff seeks to "amend a complaint after a scheduling order deadline, under Rule 16(b)(4), the plaintiff may only do so upon a showing of good cause." *Callahan v. Cty. of Suffolk*, 96 F.4th 362, 370 (2d Cir. 2024). "Whether good cause exists turns on the diligence of the moving party." *Id.* (internal quotation marks omitted). Good cause does not exist where a plaintiff waits to add a claim that the plaintiff could have asserted at the beginning of the litigation. *See id.* at 371 ("Because plaintiffs sought long after this litigation commenced to amend their complaint to add a claim that was available at the beginning of it, we agree with the district court that they did not move with the diligence needed to satisfy the good cause standard of Rule 16(b).").

### III. ARGUMENT

**A. Plaintiff Has Never Before Asserted or Pled an Alternative Liability Theory Claim in This Litigation.**

As noted above, this litigation is over four years old. From the beginning of this case until now, Plaintiff has relied on her original Complaint, which asserts a single claim: negligence in respect of a defective condition at the Yonkers Warehouse. Both the parties and the Court have consistently proceeded with this litigation with the understanding that this was the single claim being asserted by Plaintiff. *See* ECF 60 at 5-6 (reciting elements of negligence); at 13 (denying summary judgment where plaintiff showed sufficient facts from which negligence could be inferred). Not once in over four years of voluminous briefing and oral advocacy did Plaintiff so much as hint that Costco and the Court had it wrong and that there was a second claim hiding somewhere in her Complaint.

**B. Plaintiff Could Have Pursued an Alternative Liability Theory Claim from the Beginning of This Litigation.**

Plaintiff did not seek leave to amend any pleading at any point in time while discovery was open. Plaintiff did not develop any evidence at any point in the litigation to support such a claim.

Plaintiff's unexplained and inexplicable failure to raise the claim before now falls well short of good cause to attempt to present this claim to the jury or seek leave to amend.

**C. Even If Plaintiff Had Pled An Alternative Liability Theory, Any Such Claim Fails as a Matter of Law**

Any attempt to allege a products liability claim for Costco's shopping carts fails where Plaintiff has no competent expert evidence to suggest any the shopping cart was defective. That is, any products liability claim that Plaintiff may try to raise regarding the design of the shopping cart would be futile, as Plaintiff cannot show any causal link between the design and her injuries:

> The cornerstone rule in products liability is that proof of mere injury furnishes no rational basis for inferring that the product was defective for its intended use. . . . The plaintiff must demonstrate, at a minimum, that her injuries are the direct result of the [product] applied . . . and that [the product is] the sole possible cause of those injuries.

*Clarke v. Helene Curtis, Inc.*, 293 A.D.2d 701, 701 (2d Dep't 2002) (internal quotation marks omitted) (alterations in original); *see also Urena v. Biro Mfg. Co.*, 114 F.3d 359, 363 (2d Cir. 1997) ("Under New York's strict products liability law, the manufacturer of a defective product is liable to an injured or damaged person if . . . the defect was a substantial factor in causing the plaintiff's injuries"). Here, Plaintiff simply has not put forward any evidence to show that the shopping cart was defective and somehow caused her injuries. This is because a plaintiff claiming a design defect must "(1) point to the existence of such a design in the marketplace, or (2) test, or at least design in detail, a product incorporating the suggested modifications." *Almonte v. Averna Vision & Robotics, Inc.*, 128 F. Supp. 3d 729, 750 (W.D.N.Y. 2015). "A plaintiff seeking to establish a design defect is required to provide expert testimony as to the feasibility and efficacy of alternative designs." *Sura v. Zimmer, Inc.*, 2018 U.S. Dist. LEXIS 61875, at *6-7 (W.D.N.Y. Apr. 11, 2018), *citing Maxwell v. Howmedica Osteonics Corp.*, 713 F. Supp. 2d 84, 91 (N.D.N.Y. 2010). There is no competent expert evidence of any defect in the shopping cart, or of a causal connection between

the shopping cart design and Plaintiff's alleged injuries, meaning that any products liability claim would necessarily fail.

### D. Costco Will Be Severely Prejudiced If Plaintiff Is Permitted to Advance Any New Theory of Liability at Trial.

This case is less than two months from trial. Up to this point, Plaintiff did not engage in any meaningful discovery, let alone any discovery on the design of the shopping cart. Plaintiff did not develop any evidence at any point in this litigation to support such a claim. If Plaintiff is should not be allowed to take this theory to trial, Costco will be forced to assemble witnesses and evidence to defeat this claim at the eleventh hour.[1] Even if the Court were inclined to continue the trial to allow Costco to marshal this evidence, Costco would still suffer significant prejudice from the delay after waiting over four years to resolve this dispute. At this late stage, there is simply no way to allow Plaintiff to present a brand-new products liability theory that will not severely prejudice Costco.

### IV. CONCLUSION

Despite having a wealth of opportunities over a span of over four years, Plaintiff never sought to amend her Complaint to add any alternative liability theory/claim or even hinted that she was interested in doing so. Now, with trial looming, Plaintiff may attempt to assert this claim for the first time to bolster her case and hamper Costco's ability to defend itself. This Court should thwart Plaintiff's attempt to try this case by surprise and preclude Plaintiff from asserting any products liability theory or any unpleaded theory at trial.

---

[1] As in §III(C), *supra*, Costco submits that to even pursue such a claim, Plaintiff would need expert testimony, and Plaintiff has not disclosed any such experts in this case.

Respectfully submitted,
DEFENDANT,
Costco Wholesale Corporation
By their attorneys,


/s/ Benjamin Levites
Andrew R. Ferguson (AF5154)
Benjamin H. Levites (5557046)
Coughlin Betke LLP
1330 Avenue of the Americas Suite 23A
New York, NY 10019
212-653-0380
aferguson@coughlinbetke.com

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to all counsel of record on Monday, March 16, 2026.


*/s/ Benjamin Levites*
Benjamin Levites