**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

ANDREA RUSSO,
    *Plaintiff,*
    v.
COSTCO WHOLESALE CORPORATION
    *Defendant.*               7:22-cv-03130-VR

**REQUEST TO CHARGE–LIABILITY[1]**

## I.    Case-Specific Charges Prior to Trial

*PJI 1:2B. Split Trial-Liability*

In this case you will decide only the question of liability, that is, which party, if any, is responsible for the accident that brings these parties to court. You are being asked to decide only the question of fault. Should there be mention of an injury you will consider that reference only in deciding how the accident happened and not for any other purpose. This procedure is being followed at my direction, and you should draw no conclusions against any party from that fact.

*PJI 1:3. Openings and Evidence*

When I have completed these instructions, the attorneys will make opening statements in which each will outline for you what he expects to prove. The purpose of opening statements is to tell you about each party's contentions so you will have a better understanding of the evidence as it is introduced. What is said in opening statements is not evidence. The evidence upon which you will base your decisions will come from the testimony of witnesses here in court or in sworn testimony given before trial, or in the form of photographs, documents, or other exhibits admitted into evidence.

In this case, plaintiff Andrea Russo makes an opening statement first and is followed by

---

[1] All references herein to the "PJI" are to the New York State Pattern Jury Instructions

Defendant Costco. After the opening statements, Russo will introduce evidence in support of her, claim. Normally a party must produce all her witnesses and complete her entire case before the opposing party introduces any evidence, although exceptions are sometimes made. After the opposing party has completed the introduction of all its evidence, the other party may, but is not required to, present witnesses and exhibits. If it does so, then the other party may, but is not required to, offer additional evidence for the purpose of rebuttal. A witness is examined by the party who calls that witness to testify, and then may be questioned by the opposing party in crossexamination. Additional questioning may occur.

*PJI 1:4. Objections, Motions*

At times during the trial, an attorney may object to a question or to the introduction of an exhibit or make motions concerning legal questions that apply to this case. Arguments in connection with objections or motions sometimes are made outside the presence of the jury. Any ruling I make will be based solely on the law and therefore you must not conclude from any ruling or from anything I say during the trial that I favor either party to this lawsuit.

*PJI 1:5. Summations*

After all the evidence is in, the attorneys will speak to you in a closing statement or summation. In summing up, the lawyers will point out what they contend the evidence has shown, what inferences or conclusions they contend you should draw from the evidence, and what conclusions they contend you should reach as your verdict. What attorneys say in summation, like what they say in jury selection, opening statements, or in the making of objections or motions during the trial, is only argument and not evidence. Under our system, defendant Costco sums up first, followed by plaintiff Russo.

*PJI 1:6. Function of Court and Jury*

2

After summations, I will instruct you on the rules of law that apply to this case. You then will retire for your deliberations. Your function as jurors is to decide what has or has not been proved and to apply the rules of law I give you to the facts as you find them to be. The decisions you reach will be your verdict. Your decisions will be based on the testimony you hear and the exhibits received in evidence during the trial. You are the sole and exclusive judges of the facts and nothing I say or do should be taken by you as any indication of my opinion as to the facts. Neither I nor anyone else can take over your responsibility to determine the facts. My role is to preside impartially and not to express any opinion concerning the facts. Any opinion of mine on the facts would, in any event, be totally irrelevant because the facts are for you to decide. On the other hand, and with equal emphasis, I instruct you that in accordance with the oath you took as jurors you must accept the rules of law I give you whether or not you agree with them. You are not to ask anyone else about the law. You must not consider or accept any advice about the law from anyone other than me.

*PJI 1:7. Consider Only Competent Evidence*

As the sole judges of the facts, you must decide which of the witnesses you believe, what portion of their testimony you accept and what weight you give to it. At times during the trial I may sustain objections to questions, and you may hear no answer, or, where an answer has been given, I may instruct that it be stricken or removed from the record and that you disregard it. You may not draw any inference or conclusion from an unanswered question nor may you consider testimony that has been stricken or removed from the record in reaching your decision. The law requires that your decision be made solely on the evidence before you. Any items I exclude from your consideration will be excluded because they are not legally admissible.

*PJI 1:7A. Impartiality*

3

A lawsuit is a civilized method of determining disputes. It is basic to the administration of any system of justice that the decisions on both the law and the facts be made fairly and honestly. You as the jurors and I as the court have a heavy responsibility-to act impartially and ensure a just result is reached in deciding the dispute between the plaintiff and the defendant in this case.

*PJI 1:7B. Fair Juror and Absence of Implicit or Unconscious Bias*

As a fair and impartial juror you must guard against the application of any stereotypes or attitudes about people or groups that might lead you to render a decision based on those stereotypes or attitudes. Keep in mind that bias is not always obvious or conscious. In assessing the testimony and other evidence in the case, you must not be swayed by those stereotypes or attitudes.

*PJI 1:8. Weighing Testimony*

The law does not require you to accept all the evidence I will admit. In deciding what evidence you will accept you must make your own evaluation of the testimony given by each of the witnesses, and decide how much weight, if any, you choose to give to that testimony. The testimony of a witness may not conform to the facts as they occurred because he or she is intentionally lying, because the witness did not accurately see or hear what he or she is testifying about, because the witness ' recollection is faulty, or because the witness has not expressed himself or herself clearly. There is no magical formula by which you evaluate testimony. You bring with you to this courtroom all the experience and background of your lives. In your everyday affairs, you decide for yourselves the reliability or unreliability of things people tell you. The same tests you use in your everyday dealings are the tests you should apply in your deliberations. In deciding how much weight, if any, you will give to a witness' testimony, you may consider the interest or lack of interest of that witness in the outcome of this case, the bias or prejudice of the witness, if there be any, the age, the appearance, the manner in which the witness gives testimony on the

4

stand, the opportunity and ability the witness had to observe the facts about which he or she testifies, and the probability or improbability of the witness' testimony when considered in light of all the other evidence in the case. If it appears there is a conflict in the evidence, you should decide whether and to what extent the apparent conflict can be reconciled by fitting the different versions together. If you cannot do so, you will have to decide which of the conflicting versions you will accept, if any.

*PJI 1:11. Discussion Among Jurors-Keep an Open Mind-Independent Research*

In fairness to the parties to this lawsuit, it is very important for you keep an open mind throughout the trial. You must reach your decision and verdict on the evidence only as it is admitted during this trial, and then only after you have heard the summations of the attorneys and my instructions to you on the law. Then you will exchange your views and opinions with the other members of the jury to reach your decision and verdict.

*PJI 1:10. Do Not Visit or View Scene*

Because this case involves something that happened at a particular location, you may be tempted to visit the location. You may not do so. Even if you live near the location, you must not go to it or pass by it until the case is over. In addition, do not attempt to view the scene by using any computer programs. Viewing the scene either in person or through a computer program would be unfair to the parties because the location as it looked at the time of the accident and as it now looks may be very different. This case involves a location as it existed at the time of the accident, not as it exists today. Also, in making an unauthorized visit or viewing, you might get a mistaken impression, leading to unfairness to the parties who need you to decide this case solely on the evidence I admit for your consideration. Thus, you must rely only on the evidence admitted here in court to determine the circumstances and conditions under which the accident occurred.

*PJI    1:11.    Discussion    Among    Jurors--Keep    an    Open    Mind--Independent Research*

In fairness to the parties to this lawsuit, it is very important for you keep an open mind throughout the trial. You must reach your decisions and verdict on the evidence only as it is admitted during this trial, and then only after you have heard the summations of the attorneys and my instructions to you on the law. Then you will exchange your views and opinions with the other members of the jury to reach your decisions and verdict.

While it is human nature for you to form tentative opinions about the witnesses, testimony and other evidence as the trial progresses, and there is a strong temptation to discuss those opinions during the course of the trial, the law does not permit it. The reason for this is that if you engage in premature discussions, without the benefit of all the evidence, the summations by the lawyers, and my final instructions on the law, your discussions will not be fully informed. That would be unfair to the parties.

For this reason, among others, do not do any independent research on any topic you might hear about in this case, whether by consulting others, reading any material or conducting internet searches of any kind. Some of the topics you are not to discuss or research are the law or any of the issues in the case. You also must not discuss or do research about the parties, the lawyers, the witnesses, or me. After you have rendered your verdict and have been discharged, you will be free to do any research you choose, or to share your experiences. Remember these rules while you are serving as a juror, whether in the courtroom or elsewhere, including whenever you use a computer or other personal electronic device. It is vital that you carefully follow these directions. The law requires that you consider only the testimony and other evidence admitted at this trial. Not only

6

does our law mandate it, but the parties depend on you to fairly and impartially consider only the admitted evidence. To do otherwise, by allowing outside information, which may be incomplete, inaccurate, or otherwise unreliable, to affect your judgment, would be unfair and prejudicial to the parties and could require a re-trial of this case.

All cell phones, smartphones, laptops, tablets or any other personal electronic devices must be turned off while you are in the courtroom and while you are deliberating.

*PJI 1:12. Discussion with or by Others*

Do not talk, either among yourselves or with anyone else, about anything related to this case. You may tell people you are a juror and give them information about when you will be required to be in court, but you must not talk with anyone about any other matters related to this case.

You must not provide any information about this case to anyone by any means whatsoever. This means you must not discuss or give or get information about any matter related to this case by telephone, text message, email, or any internet services or social media, including, for example, blogs, chat rooms, Google, Facebook, Twitter, LinkedIn, Instagram, TikTok, or any other platform.

You must not permit any person who is not a juror to talk about this case in your presence, and if anyone does so despite your telling that person not to, report that to me as soon as you are able. However, you must not discuss with your fellow jurors either that fact or any other fact you feel necessary to bring to my attention.

*PJI 1:13. Conversation with Parties, Attorneys or Witnesses*

Although it is a normal human tendency to talk to people with whom you come in contact,

during the time you serve on this jury, do not talk, whether in or out of the courtroom, with any of the parties or their attorneys or any witness. By this I mean not only do not talk about the case, but do not talk to them at all, even to pass the time of day. In no other way can all parties be assured of the absolute impartiality they are entitled to expect from you as jurors. If a lawyer, party or witness does not acknowledge you, that person is not being rude, but is merely following my instructions not to speak with you.

The parties and the attorneys involved in this case, or people working with them on this case, may properly look at a juror's public website, public social media, posts or blogs, or your social media profiles that are publicly accessible. This may have occurred during jury selection, and also may occur during the course of this trial, during deliberations, and after the trial has ended. While the parties and attorneys may look at your public media, they may not communicate with you through public media or any other way during the trial and deliberations.

In fact, nobody may communicate with you about the case for any reason in any manner during the course of this trial or during the time you are deliberating. If you believe anyone has attempted to communicate with you, in any manner about the case, let me know as soon as possible. You should not communicate about the case with anyone other than me or the court officer.

*PJI 1:13A. Juror Concerns*

During this trial circumstances may arise when a juror has the need to bring a matter to my attention. Should any one of you find yourself in that situation, please notify our court officer, either orally or through a note, that you need to speak to me, and I will then instruct you further. Do not tell any other juror or anyone else about the matter you seek to bring to my attention.

*PJI 1:13B. Alternate/Additional Jurors*

Under the law only six jurors will deliberate on this case. We have selected additional jurors because at some time during the trial a juror may be unable to continue service due to some emergency. All of you are required to pay the same careful attention during the trial so that each of you will be fully familiar with the case. The fact that there are additional jurors does not mean that any juror is free to excuse himself or herself from the case. As a duly sworn juror it is your obligation to be available and attentive throughout the trial.

*PJI 1:14. Conclusion*

The description of trial procedure, the rules governing your conduct and the legal principles I have described for you will, I believe, make it easier for you to understand the trial as it proceeds and to reach a just result at its conclusion.

## II.    Case-Specific Charges After Trial

*PJI 1:20. Introduction*

Members of the jury, we now come to that portion of the trial when you are instructed on the law that applies to the case, after which you will retire for your deliberations. You have heard and seen all the evidence introduced by the parties and through arguments of their attorneys you have learned the conclusions each party believes should be drawn from the admitted evidence.

9

*PJI 1:21. Review Principles Stated*

You will recall that at the beginning of the trial I stated certain principles. Briefly, they were that you are bound to accept the rules of law as I give them to you whether or not you agree with them. You are not to ask anyone else about the law. You must not consider or accept any advice about the law from anyone other than me.

During this trial, I have ruled on the admission of evidence and on motions made with respect to the applicable law. You must not conclude from any ruling I have made, any questions I might have asked or anything I have said that I favor any party to this lawsuit.

Your view of the evidence and your decisions on the issues of fact will decide this case. During the trial, I may have sustained objections to questions without allowing the witness to answer or where an answer was made, instructed that it be removed or stricken from the record, and that you disregard it and dismiss it from your minds. In reaching your decisions, you may not draw any inference or conclusion from an unanswered question, nor may you consider testimony that has been removed or stricken from the record. The law requires that your decisions be made solely on the admitted evidence. Anything I excluded from your consideration was excluded because it was not legally admissible.

In deciding how much weight, if any, you choose to give to the testimony of any particular witness, there is no magical formula that can be used. The tests used in your everyday affairs to decide the reliability or unreliability of statements made to you by others are the tests you will apply in your deliberations. In deciding how much weight, if any, to give to a witness' testimony, you may consider the interest or lack of interest of that witness in the outcome of this case, the bias or prejudice of the witness, if there be any, the age, the appearance, the manner in which the witness gave testimony on the stand, the opportunity and ability the witness had to observe the

facts about which he or she testified, and the probability or improbability of the witness' testimony when considered in the light of all the other evidence in the case. If it appears there is a conflict in the evidence, you will have to consider whether and to what extent the apparent conflict can be reconciled by fitting the different versions together; otherwise, you will have to decide which of the conflicting versions, if any, you will accept.

By the processes I have just described and any further instructions I may give, you, as the sole judges of the facts, decide which of the witnesses you believe, what portion of their testimony you accept and what weight you give to it.

*PJI 1:22. Falsus in Uno*

If you find that any witness has willfully testified falsely as to any important matter, the law permits you to disregard completely the entire testimony of that witness upon the principle that one who testifies falsely about one important matter is likely to testify falsely about everything. You are not required, however, to consider such a witness as totally unbelievable. You may accept so much of the witness' testimony as you deem true and disregard what you deem is false.

*PJI 1:23. Burden of Proof*

The burden of proof rests on Plaintiff. That means Plaintiff must establish by a fair preponderance of the credible evidence that the claim she makes is true. The credible evidence means the testimony and exhibits you find believable and reliable. The preponderance of the evidence means the greater part of the evidence. It does not mean the greater number of witnesses or the greater length of time taken by any

The phrase refers to the quality of the evidence, that is, its convincing quality, the weight and effect it has on your minds, not to the quantity. The law requires that for Plaintiff to prevail on a claim, the evidence that supports her claim must appeal to you as more nearly representing what

11

took place than the evidence opposed to her claim. If it does not, or if it weighs so evenly that you are unable to say there is a preponderance on any side, then you must decide the question against Plaintiff. It is only if the evidence favoring Plaintiff's claim outweighs the evidence opposed to it that you can find in favor of Plaintiff.

*PJI 1:25. Consider Only Testimony and Exhibits*

In deciding this case, you may consider only the exhibits that were admitted in evidence and the testimony of the witnesses as you have heard it in this courtroom. However, arguments, remarks, and summations of the attorneys are not evidence, nor is anything I now say or may have said with regard to the facts, evidence. As I instructed you previously, it is important to remember that you may not use any internet services or social media, including for example, Google, Facebook, Twitter, Linkedln, Instagram or TikTok or other media platforms, to discuss or give or get information about the case or its participants or to research topics concerning the trial. Electronic devices including any cell phones, smartphones, laptops or any other personal electronic devices must be turned off while you are deliberating. Allowing outside information which may be incomplete, inaccurate, or otherwise unreliable to affect your judgment is unfair and prejudicial to the parties and could require this case to be retried.

*PJI 1:25C. General Instruction-Interested Witness-Generally*

The plaintiff testified before you. As a party to the action, she is an interested witness, that is, she has an interest in the outcome of the case that may have affected her testimony.

An interested witness is not necessarily less believable than a disinterested witness. The fact that she is interested in the outcome of the case does not mean that she has not told the truth. It is for you to decide from the demeanor of the witness on the stand and such other tests as your experience dictates whether or not the testimony has been influenced, intentionally or unintentionally, by her interest. You may reject the testimony if, after careful consideration of all the evidence in the case, including the cross-examination of the witness, you decide you do not believe the testimony or you find it is not reliable. On the other hand, you are not required to reject the testimony of such a witness and may accept all or such part of her testimony as you find believable and reliable and reject such part as you find unworthy of acceptance. The testimony is entitled to such weight as you decide it is worth.

*Duty to Deliberate/Unanimous Verdict – Defendant's Proposed Instruction*

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change

13

your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

*Johnson v. Louisiana, 406 U.S. 356, 369-70 n.5 (1972)); see also Fed. R. Civ. P. 48(b).*

*PJI 1:26A. Five-Sixths Verdict- General Verdict – Plaintiff Proposed Instruction*

While it is important that the views of all jurors be considered, a verdict of five of the six members of the jury will be sufficient under the law. When five of you agree on a verdict, you may report your verdict to the court.

**Costco objects to the inclusion of PJI 1:26A and requests a unanimous verdict in accordance with Fed. R. Civ. P. 48(b)**

*PJI 1:27A. Fair Juror and Absence of Implicit or Conscious Bias*

You may recall that at the beginning of the trial I instructed you on the concept of a fair juror. As a fair and impartial juror you must guard against the application of any stereotypes or attitudes about people or groups that might lead you to render a biased decision based on those stereotypes or attitudes. Keep in mind that bias, based upon stereotypes or attitudes, is not always obvious or conscious. In assessing the testimony and other evidence in the case, you must not be swayed by those stereotypes or attitudes.

*PJI 1:28. Jury Function*

As jurors, your duty is to decide, from all the testimony that you have heard and the exhibits that have been admitted into evidence, what the facts are. You are the sole and exclusive judges of the facts. Neither I nor anyone else can take over your responsibility to decide the facts of this case, which you will do by the answers you provide on the verdict sheet. As sole judges of the facts, you must decide which of the witnesses you believe, what portion of their testimony you

accept, and what weight you give to it.

*PJI 1:70. General Instruction- Direct and Circumstantial Evident*

Facts must be proved by evidence. Evidence includes the testimony of a witness concerning what the witness saw, heard or did. Evidence also includes writings, photographs, or other physical objects which may be considered as proof of a fact. Evidence can either be direct or circumstantial.

Direct evidence is evidence of what a witness saw, heard, or did which, if believed by you, proves a fact. For example, suppose a fact in dispute is whether I knocked over this water glass near the witness chair. If someone testifies that she saw me knock over the glass, that is direct evidence that I knocked over the glass.

Circumstantial evidence is evidence of a fact that does not directly prove a fact in dispute but which permits a reasonable inference or conclusion that the fact exists. For example, a witness testifies that he saw this water glass on the bench. The witness states that, while he was looking the other way, he heard the breaking of glass, looked up, and saw me wiping water from my clothes and from the papers on the bench. This testimony is not direct evidence that I knocked over the glass; it is circumstantial evidence from which you could reasonably infer that I knocked over the glass.

Those facts that form the basis of an inference must be proved and the inference to be drawn must be one that reasonably may be drawn. In the example, even though the witness did not see me knock over the glass, if you believe her testimony, you could conclude that I did. Therefore, the circumstantial evidence, if accepted by you, allows you to conclude that the fact in dispute has been proved.

In reaching your conclusion you may not guess or speculate. Suppose, for example, the witness testifies that the water glass was located equally distant from the court clerk and me. The

witness states she heard the breaking of glass and looked up to see both the court clerk and me brushing water from our clothes. If you believe that testimony, you still could not decide on that evidence alone who knocked over the water glass. Where these are the only proved facts, it only would be a guess as to who did it. However, if the witness also testifies that she heard the court clerk say "I am sorry," then this additional evidence would allow you to decide who knocked over the water glass.

Facts may be proved either by direct or circumstantial evidence or by a combination of both. You may give circumstantial evidence less weight, more weight, or the same weight as direct evidence.

*PJI 1:78. General Instruction--Stipulation of Facts*

You will remember that during the trial the attorneys made a stipulation in which they agreed to certain facts. This means that there is no dispute as to these facts and that these facts are established for the purposes of this case. You must consider the agreed facts along with all of the other evidence presented and give the agreed facts such weight as you find is appropriate. You will remember that the following facts were agreed to:   [•]

*PJI 2:10. Common Law Standard of Care-Negligence Defined-Generally*

Negligence is lack of ordinary care. It is a failure to use that degree of care that a reasonably prudent person would have used under the same circumstances. Negligence may arise from doing an act that a reasonably prudent person would not have done under the same circumstances, or, on the other hand, from failing to do an act that a reasonably prudent person would have done under the same circumstances.

*PJI 2:12. Common Law Standard of Care- Foreseeability-Generally*

Negligence requires both a reasonably foreseeable danger of injury to another and conduct

16

that is unreasonable in proportion to that danger. A person is only responsible for the results of his or her conduct if the risk of injury is reasonably foreseeable. The exact occurrence or exact injury does not have to be foreseeable; but injury as a result of negligent conduct must be not merely possible, but probable.

There is negligence if a reasonably prudent person could foresee injury as a result of his or her conduct, and acted unreasonably in the light of what could be foreseen. On the other hand, there is no negligence if a reasonably prudent person could not have foreseen any injury as a result of his or her conduct, or acted reasonably in the light of what could have been foreseen.

*PJI 2:36. Comparative Fault*

If you find that the defendant was negligent and that the defendant's negligence was a substantial factor in bringing about the accident, you must next consider whether the plaintiff was also negligent and whether the plaintiff's negligence was a substantial factor in bringing about the accident.

The burden is on the defendant to prove that the plaintiff was negligent and her negligence was a substantial factor in bringing about the accident. If you find that the plaintiff was not negligent, or if negligent, that her negligence was not a substantial factor in bringing about the accident, you should go no further and report your findings to the court.

If, however, you find that the plaintiff was negligent and that her negligence was a substantial factor in bringing about the accident, you must then apportion the fault between the plaintiff and the defendant.

Weighing all the facts and circumstances, you must consider the total fault, that is, the fault of both the plaintiff and the defendant and determine what percentage of fault is chargeable to each. In your verdict, you will state the percentages you find. The total of those percentages must

17

equal one hundred percent.

For example, if you should find that the defendant and the plaintiff were equally at fault you would report that each was 50% responsible. If you should find that one party was more at fault, you would assign a higher percentage to that party and a lower percentage to the other, with the total of the percentages equaling one hundred percent.

*PJI 2:90. Owner's Liability for Condition or Use of Premises--Standard of Care*               As you have heard, the plaintiff has sued the defendant, claiming that Costco negligently maintained its premises located in Yonkers New York.

Negligence is the lack of ordinary care. It is a failure to use that degree of care that a reasonably prudent owner of property would have used under the same circumstances. Negligence may arise from doing an act that a reasonably prudent person would not have done under the same circumstances, or, on the other hand, from failing to do an act that a reasonably prudent person would have done under the same circumstances.

The owner of property must use reasonable care to keep the property in a reasonably safe condition in view of all the circumstances, including the foreseeable risk of harm to others and the burden of avoiding the risk.

Russo must prove that: (1) a defective or hazardous condition as alleged by Russo existed; (2) the premises was not in a reasonably safe condition because of the defective or hazardous condition; (3) Costco was negligent in not keeping the premises in a reasonably safe condition; and (4) the defective or hazardous condition was a substantial factor in bringing about the accident.

Russo claims  debris caused her accident. Costco claims that Russo did not step or fall on debris, and her cart was not restricted because of it. If you decide the condition of the property as

alleged by Russo did not exist, you will proceed no further. If you decide that the condition of the property as alleged by Russo existed, you will proceed to consider whether the condition of the property was reasonably safe.

You must decide whether the property was in a reasonably safe condition. Russo claims the property was not in a reasonably safe condition because debris was on the floor. Costco contends the property was in a reasonably safe condition because the debris did not cause her to fall. If you decide the property was reasonably safe, you will proceed no further. If you decide the property was not reasonably safe, you will proceed to decide whether Costco was negligent in not keeping the property in a reasonably safe condition.

You will decide that Costco was negligent if you find that either (1) Costco actually knew of the debris on the floor long enough before the occurrence to have permitted Costco in the use of reasonable care to have it corrected, or take suitable precautions, or provide adequate warning, and did not do so; or (2) Costco did not know of the debris on the floor but in the use of reasonable care should have known of it for long enough before the occurrence to correct it, or take suitable precautions, or provide adequate warning, and did not do so.

On the other hand, you will decide that Costco is not negligent if you find that  and  (b) Costco did not know about the plastic lid on the floor and, in the use of reasonable care, Costco would not have been able to discover the debris on the floor and take appropriate action before the occurrence.

You will also decide that Costco is not negligent if you find Costco acted reasonably by taking suitable precautions or providing adequate warning.

There is no duty to warn of unsafe conditions that are open and obvious. An unsafe condition is open and obvious if it could have readily been observed by any person reasonably

using his or her senses. If you decide that the debris on the floor was open and obvious, then Costco was not required to provide any warning. But you must still decide whether, in the exercise of reasonable care, Costco should have corrected the unsafe condition or taken suitable precautions. If you decide that the debris on the floor was not open and obvious, you will proceed to consider whether Costco gave an adequate warning. The adequacy of a warning depends on the nature of the unsafe condition, the information the warning provides, and the manner the information is given.

If you find that Costco was negligent you must next consider whether that negligence was a substantial factor in bringing about the accident. An act or omission is regarded as a cause of an accident if it was a substantial factor in bringing about the accident, that is, if it had such an effect in producing the accident that reasonable people would regard it as a cause of the accident. There may be more than one cause of an accident, but to be substantial, it cannot be slight or trivial. You may, however, decide that a cause is substantial in bringing about the accident even if you assign a relatively small percentage to it.

If you find that Costco's negligence was not a substantial factor in bringing about the accident, then you will proceed no further on this claim. If you find that Costco's negligence was a substantial factor in bringing about the accident, you will proceed to decide comparative fault.

If you find that Costco was negligent and that Costco's negligence was a substantial factor in bringing about the accident, you must next consider whether Russo was also negligent and whether Russo's negligence was a substantial factor in bringing about the accident.

The burden is on Costco to prove that Russo was negligent and that her negligence was a substantial factor in bringing about the accident.

As I have previously stated, negligence is lack of ordinary care. It is a failure to use that

20

degree of care that a reasonably prudent person would have used under the same circumstances. Negligence may arise from doing an act that a reasonably prudent person would not have done under the same circumstances, or, on the other hand, from failing to do an act that a reasonably prudent person would have done under the same circumstances.

If you decide that Russo was not negligent, or if negligent, that her negligence was not a substantial factor in bringing about the accident, you should go no further and report your findings to the court.

If, however, you decide that Russo was negligent and that her negligence was a substantial factor in bringing about the accident, you must then apportion the fault between Russo and Costco.

Weighing all the facts and circumstances, you must consider the total fault, that is, the fault of both Russo and Costco and determine what percentage of fault is chargeable to each. In your verdict, you will state the percentages you find. The total of those percentages must equal one hundred percent.

*Happening of an Accident Does Not Establish Negligence*

To carry the burden of proving a prima facie case, the plaintiff must generally show that the defendant's negligence was a substantial cause of the events which produced the injury. See *Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507, 520 (1980); Restatement, Torts 2d, § 431). The mere happening of an accident does not establish liability on the part of a defendant. *Scavelli v Town of Carmel*, 131 AD3d 688, 690 (2nd Dept. 2015); *Foley v Golub Corp.*, 252 AD2d 905, 908, (3d Dept. 1998). Rather, plaintiff is required to connect her injury to a breach of duty by defendant and to show that defendant's acts were a substantial cause of the events which produced the injury. See *Russell v Hepburn Hosp.,* 173 AD2d 985, 986-987 (3d Dept. 1991); *Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315 (1990). As such, the fact that Plaintiff fell at Costco is not evidence of

21

negligence on the part of Costco. It is plaintiff's burden to prove to you by a preponderance of the evidence that she fell as the result of the negligence of Costco. If you find that Plaintiff fell as a result of some act of Costco that was a substantial cause of her fall, you should find for the Plaintiff. However, if you find that Plaintiff's fall was not the result of any conduct on the part of Costco, you must find for the defendant.

<table>
<tr><td>Plaintiff,<br>ANDREA RUSSO<br>By her attorneys</td><td>Respectfully submitted,<br>Defendant<br>COSTCO WHOLESALE CORPORATION<br>By its attorneys,</td></tr>
<tr><td>/s/ Ari J. Friedman<br>Ari J. Freidman, Esq., Lead attorney<br>Sal A. Spano, Esq. Second Seat to Mr. Freidman<br>Edelman Krasin & Jaye PLLC<br>7001 Brush Hollow Road, Suite 100<br>Westbury, NY 11590<br>(516) 742-9200<br>afriedman@ekjlaw.com<br>sspano@ekjlaw.com</td><td>/s/ Benjamin Levites<br>Andrew Ferguson, Bar No. AF5154<br>Benjamin H. Levites (5557046)<br>COUGHLIN BETKE LLP<br>175 Federal Street<br>Boston, MA 02110<br>(617) 988-8050<br>aferguson@coughlinbetke.com<br>blevites@coughlinbetke.com</td></tr>
</table>

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system, will be sent electronically to all counsel of record on Monday, March 16, 2026.

/s/ Benjamin Levites
Benjamin Levites

22