USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:_ 4/27/2026 __

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
Russo,

                    Plaintiff,

         -against-
Costco Wholesale Corporation,

                  Defendant.
-----------------------------------------------------------------X

7:22-cv-03130 (VR)

**ORDER**

**VICTORIA REZNIK, United States Magistrate Judge:**

This case is currently set for trial on May 11, 2026. As discussed during the final pretrial conference on April 23, 2026, the Court issues the following order regarding Defendant's five motions *in limine*. (ECF Nos. 108, 110, 112, 114, 116). Plaintiff has no opposition to any of the motions. (ECF No. 126).

The Court **GRANTS** the motion *in limine* to preclude Plaintiff from presenting unpleaded claims. (ECF No. 108). Plaintiff is precluded from asserting a theory of liability at trial other than that Costco was negligent concerning a defective condition on the floor of the subject premises.

The Court finds **MOOT** the motion *in limine* to preclude Plaintiff from offering hearsay testimony of James Russo. (ECF No. 110). James Russo is not identified on Plaintiff's witness list in the Joint Pretrial Order, precluding Plaintiff from offering his testimony. (ECF No. 118).

The Court **GRANTS** the omnibus motion *in limine* to preclude (a) testimony related to finances, profits, losses, or the economic status of Costco; (b) evidence related to similar or the same occurrences, claims, or lawsuits

1

against Costco; (c) prejudicial, inflammatory, and disparaging arguments; (d) Golden Rule arguments; (e) Reptile Theory arguments; (f) the use of commitment questions to prospective jurors; and (g) unsubstantiated anchoring. (ECF No. 112). Plaintiff is precluded from making references to, commenting on, or introducing such evidence, arguments, or questions at the time of trial.

The Court **GRANTS** the motion *in limine* to preclude testimony regarding information not produced in discovery. (ECF No. 114). Plaintiff is precluded from offering testimony concerning modifications to her residence and her durable medical equipment, and any other information about alleged expenses relating to damages, documentation for which was never produced to Defendant.

The Court **GRANTS** the motion *in limine* to preclude undisclosed medical expert testimony and records. (ECF No. 116). Plaintiff is precluded from presenting any treating medical expert testimony or retained medical expert testimony other than that of Dr. Richard Weinstein, who is identified on Plaintiff's witness list in the Joint Pretrial Order. (ECF No. 118). Plaintiff is also precluded from presenting medical bills or billing records.

The Court may revisit the above rulings on Defendant's motions *in limine*, subject to reopening based on how evidence develops at trial.

The Clerk of Court is respectfully directed to close the gavels on ECF Nos. 108, 110, 112, 114, and 116.

**SO ORDERED.**

DATED:   White Plains, New York
         April 27, 2026

_____
VICTORIA REZNIK
United States Magistrate Judge