**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

ANDREA RUSSO,
  *Plaintiff,*
  v.
COSTCO WHOLESALE CORPORATION
  *Defendant.*                                    7:22-cv-03130-VR

**REQUEST TO CHARGE–DAMAGES[1]**

## I.      Case-Specific Charges Prior to Trial

*PJI 1:2D. Split Trial-Damages*

The question of liability already has been decided. Thus, in this part of the case you will decide only the nature and extent of Plaintiff's injuries and what amount of money will fairly and justly compensate Plaintiff for all resulting loss. Should there be mention of how the accident happened, you will consider that reference only in deciding the amount of money, if any, that will fairly and justly compensate Plaintiff.

*PJI 1:3. Openings and Evidence*

When I have completed these instructions, the attorneys will make opening statements in which each will outline for you what he expects to prove. The purpose of opening statements is to tell you about each party's contentions so you will have a better understanding of the evidence as it is introduced. What is said in opening statements is not evidence. The evidence upon which you will base your decisions will come from the testimony of witnesses here in court or in sworn testimony given before trial, or in the form of photographs, documents, or other exhibits admitted into evidence.

In this case, plaintiff Andrea Russo makes an opening statement first and is followed by

---

[1] All references herein to the "PJI" are to the New York State Pattern Jury Instructions

Defendant Costco. After the opening statements, Russo will introduce evidence in support of her, claim. Normally a party must produce all her witnesses and complete her entire case before the opposing party introduces any evidence, although exceptions are sometimes made. After the opposing party has completed the introduction of all its evidence, the other party may, but is not required to, present witnesses and exhibits. If it does so, then the other party may, but is not required to, offer additional evidence for the purpose of rebuttal. A witness is examined by the party who calls that witness to testify, and then may be questioned by the opposing party in cross-examination. Additional questioning may occur.

*PJI 1:4. Objections, Motions*

At times during the trial, an attorney may object to a question or to the introduction of an exhibit or make motions concerning legal questions that apply to this case. Arguments in connection with objections or motions sometimes are made outside the presence of the jury. Any ruling I make will be based solely on the law and therefore you must not conclude from any ruling or from anything I say during the trial that I favor either party to this lawsuit.

*PJI 1:5. Summations*

After all the evidence is in, the attorneys will speak to you in a closing statement or summation. In summing up, the lawyers will point out what they contend the evidence has shown, what inferences or conclusions they contend you should draw from the evidence, and what conclusions they contend you should reach as your verdict. What attorneys say in summation, like what they say in jury selection, opening statements, or in the making of objections or motions during the trial, is only argument and not evidence. Under our system, defendant Costco sums up first, followed by plaintiff Russo.

*PJI 1:6. Function of Court and Jury*

After summations, I will instruct you on the rules of law that apply to this case. You then will retire for your deliberations. Your function as jurors is to decide what has or has not been proved and to apply the rules of law I give you to the facts as you find them to be. The decisions you reach will be your verdict. Your decisions will be based on the testimony you hear and the exhibits received in evidence during the trial. You are the sole and exclusive judges of the facts and nothing I say or do should be taken by you as any indication of my opinion as to the facts. Neither I nor anyone else can take over your responsibility to determine the facts. My role is to preside impartially and not to express any opinion concerning the facts. Any opinion of mine on the facts would, in any event, be totally irrelevant because the facts are for you to decide. On the other hand, and with equal emphasis, I instruct you that in accordance with the oath you took as jurors you must accept the rules of law I give you whether or not you agree with them. You are not to ask anyone else about the law. You must not consider or accept any advice about the law from anyone other than me.

*PJI 1:7. Consider Only Competent Evidence*

As the sole judges of the facts, you must decide which of the witnesses you believe, what portion of their testimony you accept and what weight you give to it. At times during the trial I may sustain objections to questions, and you may hear no answer, or, where an answer has been given, I may instruct that it be stricken or removed from the record and that you disregard it. You may not draw any inference or conclusion from an unanswered question nor may you consider testimony that has been stricken or removed from the record in reaching your decision. The law requires that your decision be made solely on the evidence before you. Any items I exclude from your consideration will be excluded because they are not legally admissible.

*PJI 1:7A. Impartiality*

3

A lawsuit is a civilized method of determining disputes. It is basic to the administration of any system of justice that the decisions on both the law and the facts be made fairly and honestly. You as the jurors and I as the court have a heavy responsibility-to act impartially and ensure a just result is reached in deciding the dispute between the plaintiff and the defendant in this case.

*PJI 1:7B. Fair Juror and Absence of Implicit or Unconscious Bias*

As a fair and impartial juror you must guard against the application of any stereotypes or attitudes about people or groups that might lead you to render a decision based on those stereotypes or attitudes. Keep in mind that bias is not always obvious or conscious. In assessing the testimony and other evidence in the case, you must not be swayed by those stereotypes or attitudes.

*PJI 1:8. Weighing Testimony*

The law does not require you to accept all the evidence I will admit. In deciding what evidence you will accept you must make your own evaluation of the testimony given by each of the witnesses, and decide how much weight, if any, you choose to give to that testimony. The testimony of a witness may not conform to the facts as they occurred because he or she is intentionally lying, because the witness did not accurately see or hear what he or she is testifying about, because the witness ' recollection is faulty, or because the witness has not expressed himself or herself clearly. There is no magical formula by which you evaluate testimony. You bring with you to this courtroom all the experience and background of your lives. In your everyday affairs, you decide for yourselves the reliability or unreliability of things people tell you. The same tests you use in your everyday dealings are the tests you should apply in your deliberations. In deciding how much weight, if any, you will give to a witness' testimony, you may consider the interest or lack of interest of that witness in the outcome of this case, the bias or prejudice of the witness, if there be any, the age, the appearance, the manner in which the witness gives testimony on the

4

stand, the opportunity and ability the witness had to observe the facts about which he or she testifies, and the probability or improbability of the witness' testimony when considered in light of all the other evidence in the case. If it appears there is a conflict in the evidence, you should decide whether and to what extent the apparent conflict can be reconciled by fitting the different versions together. If you cannot do so, you will have to decide which of the conflicting versions you will accept, if any.

*PJI 1:10. Do Not Visit or View Scene*

Because this case involves something that happened at a particular location, you may be tempted to visit the location. You may not do so. Even if you live near the location, you must not go to it or pass by it until the case is over. In addition, do not attempt to view the scene by using any computer programs. Viewing the scene either in person or through a computer program would be unfair to the parties because the location as it looked at the time of the accident and as it now looks may be very different. This case involves a location as it existed at the time of the accident, not as it exists today. Also, in making an unauthorized visit or viewing, you might get a mistaken impression, leading to unfairness to the parties who need you to decide this case solely on the evidence I admit for your consideration. Thus, you must rely only on the evidence admitted here in court to determine the circumstances and conditions under which the accident occurred.

*PJI   1:11.   Discussion   Among   Jurors--Keep   an   Open   Mind--Independent Research*

In fairness to the parties to this lawsuit, it is very important for you keep an open mind throughout the trial. You must reach your decisions and verdict on the evidence only as it is admitted during this trial, and then only after you have heard the summations of the attorneys and

my instructions to you on the law. Then you will exchange your views and opinions with the other members of the jury to reach your decisions and verdict.

While it is human nature for you to form tentative opinions about the witnesses, testimony and other evidence as the trial progresses, and there is a strong temptation to discuss those opinions during the course of the trial, the law does not permit it. The reason for this is that if you engage in premature discussions, without the benefit of all the evidence, the summations by the lawyers, and my final instructions on the law, your discussions will not be fully informed. That would be unfair to the parties.

For this reason, among others, do not do any independent research on any topic you might hear about in this case, whether by consulting others, reading any material or conducting internet searches of any kind. Some of the topics you are not to discuss or research are the law or any of the issues in the case. You also must not discuss or do research about the parties, the lawyers, the witnesses, or me. After you have rendered your verdict and have been discharged, you will be free to do any research you choose, or to share your experiences. Remember these rules while you are serving as a juror, whether in the courtroom or elsewhere, including whenever you use a computer or other personal electronic device. It is vital that you carefully follow these directions. The law requires that you consider only the testimony and other evidence admitted at this trial. Not only does our law mandate it, but the parties depend on you to fairly and impartially consider only the admitted evidence. To do otherwise, by allowing outside information, which may be incomplete, inaccurate, or otherwise unreliable, to affect your judgment, would be unfair and prejudicial to the parties and could require a re-trial of this case.

All cell phones, smartphones, laptops, tablets or any other personal electronic devices must be turned off while you are in the courtroom and while you are deliberating.

*PJI 1:12. Discussion with or by Others*

Do not talk, either among yourselves or with anyone else, about anything related to this case. You may tell people you are a juror and give them information about when you will be required to be in court, but you must not talk with anyone about any other matters related to this case.

You must not provide any information about this case to anyone by any means whatsoever. This means you must not discuss or give or get information about any matter related to this case by telephone, text message, email, or any internet services or social media, including, for example, blogs, chat rooms, Google, Facebook, Twitter, LinkedIn, Instagram, TikTok, or any other platform.

You must not permit any person who is not a juror to talk about this case in your presence, and if anyone does so despite your telling that person not to, report that to me as soon as you are able. However, you must not discuss with your fellow jurors either that fact or any other fact you feel necessary to bring to my attention.

*PJI 1:13. Conversation with Parties, Attorneys or Witnesses*

Although it is a normal human tendency to talk to people with whom you come in contact, during the time you serve on this jury, do not talk, whether in or out of the courtroom, with any of the parties or their attorneys or any witness. By this I mean not only do not talk about the case, but do not talk to them at all, even to pass the time of day. In no other way can all parties be assured of the absolute impartiality they are entitled to expect from you as jurors. If a lawyer, party or witness does not acknowledge you, that person is not being rude, but is merely following my instructions not to speak with you.

8

The parties and the attorneys involved in this case, or people working with them on this case, may properly look at a juror's public website, public social media, posts or blogs, or your social media profiles that are publicly accessible. This may have occurred during jury selection, and also may occur during the course of this trial, during deliberations, and after the trial has ended. While the parties and attorneys may look at your public media, they may not communicate with you through public media or any other way during the trial and deliberations.

In fact, nobody may communicate with you about the case for any reason in any manner during the course of this trial or during the time you are deliberating. If you believe anyone has attempted to communicate with you, in any manner about the case, let me know as soon as possible. You should not communicate about the case with anyone other than me or the court officer.

*PJI 1:13A. Juror Concerns*

During this trial circumstances may arise when a juror has the need to bring a matter to my attention. Should any one of you find yourself in that situation, please notify our court officer, either orally or through a note, that you need to speak to me, and I will then instruct you further. Do not tell any other juror or anyone else about the matter you seek to bring to my attention.

*PJI 1:13B. Alternate/Additional Jurors*

Under the law only six jurors will deliberate on this case. We have selected additional jurors because at some time during the trial a juror may be unable to continue service due to some emergency. All of you are required to pay the same careful attention during the trial so that each of you will be fully familiar with the case. The fact that there are additional jurors does not mean that any juror is free to excuse himself or herself from the case. As a duly sworn juror it is your obligation to be available and attentive throughout the trial.

*PJI 1:14. Conclusion*

The description of trial procedure, the rules governing your conduct and the legal principles I have described for you will, I believe, make it easier for you to understand the trial as it proceeds and to reach a just result at its conclusion.

## II.    Case-Specific Charges After Trial

*PJI 1:20. Introduction*

Members of the jury, we now come to that portion of the trial when you are instructed on the law that applies to the case, after which you will retire for your deliberations. You have heard and seen all the evidence introduced by the parties and through arguments of their attorneys you have learned the conclusions each party believes should be drawn from the admitted evidence.

*PJI 1:21. Review Principles Stated*

You will recall that at the beginning of the trial I stated certain principles. Briefly, they were that you are bound to accept the rules of law as I give them to you whether or not you agree with them. You are not to ask anyone else about the law. You must not consider or accept any advice about the law from anyone other than me.

During this trial, I have ruled on the admission of evidence and on motions made with respect to the applicable law. You must not conclude from any ruling I have made, any questions I might have asked or anything I have said that I favor any party to this lawsuit.

Your view of the evidence and your decisions on the issues of fact will decide this case. During the trial, I may have sustained objections to questions without allowing the witness to answer or where an answer was made, instructed that it be removed or stricken from the record, and that you disregard it and dismiss it from your minds. In reaching your decisions, you may not draw any inference or conclusion from an unanswered question, nor may you consider testimony that has been removed or stricken from the record. The law requires that your decisions be made solely on the admitted evidence. Anything I excluded from your consideration was excluded because it was not legally admissible.

In deciding how much weight, if any, you choose to give to the testimony of any particular

witness, there is no magical formula that can be used. The tests used in your everyday affairs to decide the reliability or unreliability of statements made to you by others are the tests you will apply in your deliberations. In deciding how much weight, if any, to give to a witness' testimony, you may consider the interest or lack of interest of that witness in the outcome of this case, the bias or prejudice of the witness, if there be any, the age, the appearance, the manner in which the witness gave testimony on the stand, the opportunity and ability the witness had to observe the facts about which he or she testified, and the probability or improbability of the witness' testimony when considered in the light of all the other evidence in the case. If it appears there is a conflict in the evidence, you will have to consider whether and to what extent the apparent conflict can be reconciled by fitting the different versions together; otherwise, you will have to decide which of the conflicting versions, if any, you will accept.

By the processes I have just described and any further instructions I may give, you, as the sole judges of the facts, decide which of the witnesses you believe, what portion of their testimony you accept and what weight you give to it.

*PJI 1:22. Falsus in Uno*

If you find that any witness has willfully testified falsely as to any important matter, the law permits you to disregard completely the entire testimony of that witness upon the principle that one who testifies falsely about one important matter is likely to testify falsely about everything. You are not required, however, to consider such a witness as totally unbelievable. You may accept so much of the witness' testimony as you deem true and disregard what you deem is false.

*PJI 1:23. Burden of Proof*

The burden of proof rests on Plaintiff. That means Plaintiff must establish by a fair preponderance of the credible evidence that the claim she makes is true. The credible evidence means the testimony and exhibits you find believable and reliable. The preponderance of the

evidence means the greater part of the evidence. It does not mean the greater number of witnesses or the greater length of time taken by any

The phrase refers to the quality of the evidence, that is, its convincing quality, the weight and effect it has on your minds, not to the quantity. The law requires that for Plaintiff to prevail on a claim, the evidence that supports her claim must appeal to you as more nearly representing what took place than the evidence opposed to her claim. If it does not, or if it weighs so evenly that you are unable to say there is a preponderance on any side, then you must decide the question against Plaintiff. It is only if the evidence favoring Plaintiff's claim outweighs the evidence opposed to it that you can find in favor of Plaintiff.

*PJI 1:25. Consider Only Testimony and Exhibits*

In deciding this case, you may consider only the exhibits that were admitted in evidence and the testimony of the witnesses as you have heard it in this courtroom. However, arguments, remarks, and summations of the attorneys are not evidence, nor is anything I now say or may have said with regard to the facts, evidence. As I instructed you previously, it is important to remember that you may not use any internet services or social media, including for example, Google, Facebook, Twitter, LinkedIn, Instagram or TikTok or other media platforms, to discuss or give or get information about the case or its participants or to research topics concerning the trial. Electronic devices including any cell phones, smartphones, laptops or any other personal electronic devices must be turned off while you are deliberating. Allowing outside information which may be incomplete, inaccurate, or otherwise unreliable to affect your judgment is unfair and prejudicial to the parties and could require this case to be retried.

*PJI 1:25C. General Instruction-Interested Witness-Generally*

The plaintiff testified before you. As a party to the action, she is an interested witness, that

is, she has an interest in the outcome of the case that may have affected her testimony.

An interested witness is not necessarily less believable than a disinterested witness. The fact that she is interested in the outcome of the case does not mean that she has not told the truth. It is for you to decide from the demeanor of the witness on the stand and such other tests as your experience dictates whether or not the testimony has been influenced, intentionally or unintentionally, by her interest. You may reject the testimony if, after careful consideration of all the evidence in the case, including the cross-examination of the witness, you decide you do not believe the testimony or you find it is not reliable. On the other hand, you are not required to reject the testimony of such a witness and may accept all or such part of her testimony as you find believable and reliable and reject such part as you find unworthy of acceptance. The testimony is entitled to such weight as you decide it is worth.

*PJI 1:78. General Instruction--Stipulation of Facts*

You will remember that during the trial the attorneys made a stipulation in which they agreed to certain facts. This means that there is no dispute as to these facts and that these facts are established for the purposes of this case. You must consider the agreed facts along with all of the other evidence presented and give the agreed facts such weight as you find is appropriate. You will remember that the following facts were agreed to:   [•]

*PJI 1:90. General Instruction-Expert Witness*

You will recall that medical experts testified concerning his qualifications in the field of orthopedic surgery and gave his opinions concerning issues in this case. When a case involves a matter of science or art or requires special knowledge or skill that most people do not have, a qualified witness is permitted to state his opinions for the information of the court and jury. The opinions stated by any medical expert in this case were based on particular facts, as they obtained

knowledge of them and testified about them. You may reject any opinion if you find the facts to be different from the facts that formed the basis for the opinion. You may also reject an opinion if, after careful consideration of all the evidence in the case, including the cross-examination of any expert, you decide that an opinion is not convincing. In other words, you are not required to accept any opinion to the exclusion of the facts and circumstances disclosed by other evidence. Opinion testimony should be evaluated in the same way as the testimony of any other witness. It is given to assist you in reaching a proper conclusion; it is entitled to such weight as you find the witness's qualifications in the field warrant and must be considered by you, but is not controlling upon your judgment.

*PJI 1:90.2 Demonstrative Exhibits*

Any demonstrative exhibit of any medical expert was shown to you for the limited purpose of illustrating and assisting you to understand their opinion and may not be considered for any other purpose.

*PJI 2:277      : Damages – General*

My charge to you on the law of damages must not be taken as a suggestion that you must find for the Plaintiff. It is for you to decide on the evidence presented and the rules of law I have given you whether the Plaintiff is entitled to recover from the Defendant. If you decide that the Plaintiff is not entitled to recover from the Defendant, you need not consider damages. Only if you decide that the Plaintiff is entitled to recover will you consider the measure of damages.

If you find that the Plaintiff is entitled to recover from the Defendant, you must render a verdict in a sum of money that will justly and fairly compensate the Plaintiff for all losses resulting from the injuries and disabilities she sustained.

*PJI 2:280. Damages-Personal Injury-Injury and Pain and Suffering*

If you decide that defendant is liable, plaintiff is entitled to recover a sum of money which will justly and fairly compensate her for any injury, disability and conscious pain and suffering to date caused by defendant.

*NY PJI 2:301  :       Damages – Personal Injury – Collateral Sources – Itemized Verdict*

If you decide for the plaintiff on the question of liability, you must next consider past and future damages, including an award for past and future pain and suffering, if any. Based upon the evidence you may also include an award for each of the following items, separately divided into amounts intended to compensate the plaintiff for damages incurred before your verdict and amounts intended to compensate the plaintiff for damages to be incurred in the future:

15

(a) Medical expenses in the amount of $17,903.30; and

(b) Pain and suffering up to the date of your verdict.

If you make an award for any item of damages to be incurred in the future, then for each such item, you must state the period of years over which the amount awarded is intended to provide compensation and the amount you fix must represent the full amount awarded to plaintiff for that item of damage for that future period without reduction to present value.

Your verdict will include answers to the following questions which will be submitted to you in writing:

(1) State separately the amount awarded for the following items of damages, if any, from the time of the occurrence up to the date of your verdict:
(a) Medical expenses in the amount of $17,903.30; and

(a) Pain and suffering up to the date of your verdict.

If you decide not to make an award, you will insert the word "none" as to that item.

(2) State separately the amount awarded for the following items of damages, if any, to be incurred in the future:

(a) Pain and suffering, including the permanent effect of the injury, from the time of verdict to the time that plaintiff could be expected to live.

Plaintiff may not recover for any expense that was paid by defendant or for any services that were provided free of charge. If you decide not to make an award as to any item, you will insert the word "none" as to that item.

(3) If you do decide to award any amounts intended to compensate the plaintiff for damages to be incurred in the future, then for each item for which an award is made, state the period of years over which such amounts are intended to provide compensation. For any item for which an award is not made, you will insert the word "none" as to that item.

Costco reserves the right to amend or supplement these requested charges depending on the proof adduced at trial.

Respectfully submitted by,
Plaintiff,
ANDREA RUSSO
By her attorneys

/s/ Ari Friedman
Ari J. Freidman, Esq., Lead attorney
Sal A. Spano, Esq. Second Seat to Mr. Freidman
Edelman Krasin & Jaye PLLC
7001 Brush Hollow Road, Suite 100
Westbury, NY 11590
(516) 742-9200
afriedman@ekjlaw.com
sspano@ekjlaw.com

Defendant
COSTCO WHOLESALE CORPORATION
By its attorneys,

/s/ Benjamin Levites
Andrew Ferguson (AF5154)
Benjamin H. Levites  (5557046)
COUGHLIN BETKE LLP
175 Federal Street
Boston, MA 02110
(617) 988-8050
aferguson@coughlinbetke.com
blevites@coughlinbetke.com